[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16327
Non-Argument Calendar

_____

D. C. Docket No. 04-00262-CR-2-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD BERNARD FORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 31, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Gerald Bernard Ford appeals his 24-month sentence imposed after

revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e). After review, we affirm.

## I. BACKGROUND

Ford was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ford was sentenced to 12 months' imprisonment and three years' supervised release. Ford had a history of substance abuse, and much of his criminal history stemmed from alcohol and drug-related offenses. Ford had tested positive for cocaine while on bond awaiting his sentencing. Thus, the conditions of Ford's supervised release included that he not commit another federal, state or local crime, that he not possess or use a controlled substance and that he participate in the Drug and Alcohol Intensive Counseling and Aftercare Service Program.

Three months after Ford's supervised release began, his probation officer petitioned the district court to revoke his release on two grounds: (1) Ford had been arrested on two state misdemeanor charges, and (2) Ford had admitted to using cocaine and marijuana.

At the revocation hearing, Ford admitted the violations, and the district court found that Ford had violated the conditions of his release. The probation officer recommended a five-month sentence followed by six months in a halfway house to

2

receive drug treatment. The district court, however, noted that, if Ford was sentenced to the statutory maximum of 24 months' imprisonment, he would be eligible for the 500-hour intensive inpatient drug treatment program offered by the Bureau of Prisons ("BOP"). The probation officer described the 500-hour program as "probably the most comprehensive and extensive program that [is] available within [the] system."

Noting Ford's history of substance-abuse-related offenses, the district court stated that it wanted the best sentencing option to keep Ford off drugs so he would stop offending. The district court asked Ford whether he was presently "clean" or "dirty." Ford responded that he was "clean" for both cocaine and marijuana. The district court recessed so that a drug test could be conducted. The test came back positive for cocaine. Ford did not contest this finding.

When the revocation hearing resumed, the district court stated that, because Ford had lied to the court, had failed to participate in the drug treatment offered during his release and had a history of substance-abuse crimes, it saw no reason not to impose a 24-month sentence and reiterated that it wanted Ford to get drug treatment. Because Ford committed Grade C violations and had a criminal history category of III, the district court concluded that the applicable advisory Guidelines range was 5 to 11 months' imprisonment.

The district court then imposed a 24-month sentence with the recommendation that Ford be evaluated and allowed to participate in the 500-hour program. When Ford asked for reconsideration, the district court stated that a 24-month sentence was the best way to accomplish the goals of keeping Ford from committing more offenses and providing him with drug abuse treatment. Ford filed this appeal.

## II. DISCUSSION

Upon finding that a defendant violated a condition of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering various factors set forth in 18 U.S.C. § 3553(a).[1] 18 U.S.C. § 3583(e). A court may consider a defendant's rehabilitative needs when imposing imprisonment following revocation of supervised release. United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000) (concluding that imposition of statutory maximum prison sentence in order for defendant to get in-house drug treatment was not an abuse of discretion). The sentencing court "shall state in open court the reasons for its imposition of a particular sentence, and, if the

[1]Factors the district court must consider include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment in the most effective manner; and the kinds of sentences and sentencing ranges established under the applicable guidelines and policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)(B).

sentence . . . is not of the kind, or is outside the [guideline] range, . . . the specific reason for imposition of a sentence different from that described . . . ." 18 U.S.C. § 3553(c)(2).

The district court must also consider the policy statements in Chapter 7 of the Sentencing Guidelines, one of which provides recommended ranges of imprisonment. Brown, 224 F.3d at 1242. Because these policy statements are advisory and nonbinding, the district court is not required to sentence within the range recommended by Chapter 7. Id. The district court is constrained, however, by 18 U.S.C. § 3583(e), which provides maximum sentences for supervised release violators.[2]

With Grade C violations and a criminal history category of III, Ford's recommended Guidelines range under advisory Chapter 7 was 5 to 11 months' imprisonment. See U.S.S.G. § 7B1.4(a). Because Ford's original offense was a Class C felony, his maximum statutory term of imprisonment upon revocation of supervised release was two years. See 18 U.S.C. § 3583(e)(3).

Under the factual circumstances of this case, we conclude that the district

---

[2]We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006) (explaining that the reasonableness standard applied after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), is essentially the same as the pre-Booker "plainly unreasonable" standard). We review for abuse of discretion a district court's decision to impose a sentence above the range recommended by Chapter 7 of the Sentencing Guidelines. Brown, 224 F.3d at 1239.

court's decision to sentence Ford outside the advisory Guidelines range was not an abuse of discretion and that Ford's two-year sentence was not unreasonable. The district court gave reasons supported by the record, including Ford's need for drug treatment, for imposing a sentence above the recommended range, as required by § 3553(c)(2). See Brown, 224 F.3d at 1240 & n.1(concluding that district court may properly consider supervised release violator's need for drug treatment in determining length of sentence). The district court also considered the § 3553(a) factors in selecting a two-year sentence, including Ford's characteristics and history of drug abuse and drug-related crimes, the need for deterrence, the need to protect the public from further crimes by Ford, and the most effective manner of obtaining drug treatment for Ford.

Ford's argument that the district court imposed a sentence less likely to obtain drug treatment for him is not supported by the record. Indeed, it appears more likely that Ford will get effective drug treatment with the sentence imposed by the district court. The probation officer stated that the BOP's 500-hour program was the most comprehensive and extensive within the prison system. As noted, Ford had failed to attend the outpatient treatment required as part of his supervised release and had been using drugs while on supervised release.[3] Furthermore, the

_____

[3]In addition, the district court expressed concern about imposing a sentence below 24 months because, if Ford again violated the terms of his supervised release, the available sentence

6

choice between the two treatment alternatives was within the district court's discretion.

We affirm Ford's two-year sentence.

**AFFIRMED.**

---

would be under 24 months, which would make Ford ineligible for the 500-hour program.