[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

No. 08-15563
Non-Argument Calendar

_____

D. C. Docket No. 97-00046-CR-1-MMP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST WALTER JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 10, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ernest Walter Johnson appeals his sentence of imprisonment for sixty months, which was imposed after revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Johnson argues that the district court erred by admitting hearsay testimony at his revocation hearing; there was insufficient evidence to revoke his supervised release; and the district court failed to explain the basis for its sentence. We affirm.

## I. BACKGROUND

In 1997, Johnson pleaded guilty to conspiracy to possess with the intent to distribute cocaine base. 21 U.S.C. § 846. The district court sentenced Johnson to 96 months of imprisonment followed by five years of supervised release. Johnson was released from prison in 2005.

In 2008, Johnson's probation officer petitioned to revoke Johnson's supervised release on the ground that Johnson had committed a new crime. The officer alleged that Johnson had been arrested for trafficking in cocaine. Johnson denied the allegations.

At the revocation hearing, the government presented testimony from two police officers regarding the drug transaction that led to Johnson's arrest and Johnson's post-arrest statements to the officers. Ernest Hale, an investigator with the Alachua County Drug Task Force, testified that in January 2008, a confidential

2

informant, Eugene Batie, reported that a person offered to sell him two ounces of cocaine. Batie could not provide the person's name, but he gave Investigator Hale the tag number of the person's Cadillac automobile. The Cadillac was owned by Johnson, and Batie identified Johnson in a photographic lineup.

Investigator Hale testified that Batie agreed to make a controlled buy from Johnson. Before the sale, Johnson called Batie to report he would be late. During the call, which was monitored by law enforcement, Johnson told Batie that he could sell only one and one-quarter ounces of cocaine. As Investigator Hale and Detective Pat Penny watched from a distance, a person arrived at the transaction in Johnson's Cadillac and sold Batie 37.71 grams of a white powdery substance that tested positive for the presence of cocaine both in a field test and under forensic examination. After the transaction, Batie identified Johnson in a second photographic lineup.

Investigator Hale testified that he later interviewed Johnson about the drug transaction. Johnson admitted to Investigator Hale and Detective Penny that he sold cocaine to Batie, and Johnson offered to assist authorities in future drug operations. After the interview, Investigator Hale and Detective Penny accompanied Johnson to his Cadillac that the officers recognized from the drug transaction because of its distinctive spinning chrome rims. Johnson admitted that

he purchased the chrome rims with money made from a drug transaction.

On cross-examination, defense counsel questioned Investigator Hale about Batie's identification of Johnson. When defense counsel realized that Batie would not testify at the hearing, defense counsel objected to Hale's testimony on the ground that "everything that this witness has said regarding any allegations by another individual against my client[ is] a violation of Crawford v. Washington[, 541 U.S. 36, 124 S. Ct. 1354 (2004)]." After the district court overruled the objection, defense counsel questioned Investigator Hale about excerpts from Batie's deposition to suggest that Batie guessed when he identified Johnson during the photographic lineups. Hale responded that he did not instruct Batie to guess during the selection process.

Detective Penny testified that the person who sold Batie the cocaine drove a Cadillac with "after-market [chrome] rims," and the detective was certain that the vehicle was the same Cadillac that Johnson drove to his interview. Detective Penny said he thought that Batie had selected Johnson's photograph from the lineup "before [Penny] had made contact[.]" Detective Penny stated that he did not ask or hear Investigator Hale ask Johnson about the drug transaction, but the detective recalled that Johnson was willing to cooperate and provided information about other narcotics dealers.

4

The district court overruled Johnson's motion to suppress. The district court credited Investigator Hale's testimony that Johnson sold cocaine to Batie, and the court found that defense counsel had "put[] an emphasis on [Batie's] answer" that he recalled he had guessed when Batie was not asked squarely if he had guessed when he identified the person who sold him drugs. The district court ruled that Johnson "violated the terms and conditions of supervised release" and sentenced Johnson to sixty months of imprisonment. The district court commented that it imposed the maximum statutory term of imprisonment because "[i]t [didn't] look like" Johnson had "learned too much" when the court granted a downward departure when it originally sentenced Johnson.

## II. STANDARDS OF REVIEW

We apply several standards of review in this appeal. Objections or arguments that are not raised in the district court are reviewed for plain error, and to warrant relief, the error "must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). We review a revocation of supervised release for abuse of discretion and related questions of law de novo. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting,

5

437 F.3d 1105, 1106–07 (11th Cir. 2006).

### III. DISCUSSION

Johnson raises three challenges to his revocation proceeding.  First, Johnson argues that the admission of hearsay testimony violated his rights of confrontation and due process.  Second, Johnson contends that the government failed to present sufficient evidence to revoke his supervised release.  Third, Johnson argues for the first time on appeal that the district court failed to "consider the sentencing factors in 18 U.S.C. § 3553(a)."  We address each argument in turn.

The district court did not err when it permitted Investigator Hale to testify that Batie had identified Johnson as the person who sold him cocaine.  Although Johnson failed to object to Investigator Hale's testimony as hearsay, we have ruled that hearsay is admissible in revocation hearings.  United States v. Frazier, 26 F.3d 110, 113–14 (11th Cir. 1994).  The district court did not plainly err when it admitted the hearsay because there was "significant indicia" to find the information was reliable: the officers seized cocaine from Batie after the drug transaction; Investigator Hale and Detective Penny saw Johnson's Cadillac during the drug transaction; and Johnson admitted he sold cocaine to Batie.  See United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990) ("[A] court may consider [at a sentencing hearing] any information, including reliable hearsay, regardless of the

information's admissibility at trial, provided that there are sufficient indicia of reliability to support its probable accuracy.").

The district court did not abuse its discretion by revoking Johnson's supervised release. The district court was entitled to credit the testimony of the officers that Batie had identified Johnson as the seller, the seller drove Johnson's vehicle, and Johnson had admitted that he sold the cocaine. See United States v. Clay, 483 F.3d 739, 744 (11th Cir. 2007). The record supported the finding of the district court that Johnson violated a term of his supervised release.

No error occurred when the district court imposed Johnson's sentence. As Johnson admits in his brief, the district court was not required to consider the sentencing factors because Johnson violated the condition of his supervised release that he not possess illegal drugs. 18 U.S.C. § 3583(g)(1); United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000). The district court did not abuse its discretion when it concluded that the maximum term of imprisonment was necessary to punish Johnson's continued criminal conduct. See 18 U.S.C. § 3553(a).

## IV. CONCLUSION

The revocation of Johnson's supervised release and sentence are

**AFFIRMED**.