[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12874
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00110-CR-2-SLB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW GLASSCOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 10, 2009)

Before EDMONDSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Matthew Glasscock appeals his 24-month sentence imposed upon revocation of his supervised release.[1]  No reversible error has been shown; we affirm.

On appeal, Glasscock argues that the district court abused its discretion in imposing the statutory maximum sentence based on his rehabilitative needs.  He contends that his revocation was mandatory, and, thus, the district court was not permitted to consider his rehabilitative needs in determining sentence.

Pursuant to 18 U.S.C. § 3583(e), a district court may revoke supervised release and impose a term of imprisonment after considering certain 18 U.S.C. § 3553(a) factors, including the need to provide the defendant with correctional treatment.  We review a defendant's sentence upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  And we evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007) (in the

_____

[1]Glasscock committed the following supervised release violations: (1) committing a federal, state, or local crime as evidenced by his guilty plea to writing worthless checks; (2) failing to submit required written reports to his probation officer; (3) failing to follow the instructions of his probation officer by not responding to phone calls or letters; and (4) failing to complete inpatient mental health and drug treatment.  On appeal, he does not challenge that he committed these violations.

2

context of original criminal sentencing).[2]

We first conclude that the district court considered no impermissible factor in sentencing Glasscock. The district court was allowed to consider Glasscock's mental health issues and drug addiction in determining that a 24-month sentence was appropriate, no matter whether Glasscock's revocation was mandatory or permissive. As we explained in United States v. Brown, 224 F.3d 1237 (11th Cir. 2000), a court "may consider the rehabilitative needs of a defendant when imposing or determining the length of a term of imprisonment upon mandatory or permissive revocation of supervised release."[3] Id. at 1243 (emphasis added). Only for an initial sentence of incarceration can a court not impose a sentence for the purpose of providing a defendant with rehabilitative treatment. See 28 U.S.C. § 994(k); Brown, 224 F.3d at 1242.

And we also conclude that Glasscock's sentence otherwise was not unreasonable. Glasscock's 24-month sentence did not exceed the statutory maximum for his underlying Class C felony of bank robbery. See 18 U.S.C. §§

---

[2]In addition, we review de novo whether the district court considered an impermissible factor in sentencing a defendant. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).

[3]Glasscock contends that his revocation was mandatory because he failed to comply with drug testing, 18 U.S.C. § 3583(g)(3). But the district court revoked his supervised release, in part, for failure to complete inpatient drug treatment -- not for failing to submit to required drug testing. Still, as noted, the district court was permitted to consider Glasscock's rehabilitative needs in either a mandatory or permissive revocation situation.

3

2113(a), 3583(e)(3).  Although Glasscock's sentence exceeded significantly the advisory sentencing range set out in the Chapter 7 policy statements, the district court was not required to sentence Glasscock within that range.[4] See United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) (explaining that the recommended ranges are advisory and that the court, while required to consider the ranges, is not bound by them).  In addition to considering Glasscock's need for mental health evaluation and polysubstance abuse treatment, the court also determined that a sentence of 24 months was necessary "to prevent further violations of law" in the light of Glasscock's criminal history and many supervised release violations.  All these reasons are supported by the record given that, while under supervision, Glasscock pleaded guilty to writing worthless checks, was arrested for public intoxication and criminal mischief, tested positive for drugs, and failed to complete required drug treatment.

On this record, no abuse of discretion has been shown; and we conclude that Glasscock's sentence is reasonable.

AFFIRMED.

---

[4]Glasscock's Chapter 7 sentencing range was 6 to 12 months, based on his original sentencing criminal history score of IV and commission of Grade C supervision violations.  See U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a).

4