[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12163
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00015-TCB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO LEMORE JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 29, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

On April 26, 1996, Antonio Johnson was sentenced in the Western District

of Pennsylvania to concurrent prison terms of 121 months for conspiring to

possess with intent to distribute cocaine and for possession with intent to

distribute cocaine, and to a consecutive term of 60 months for using a firearm during and in relation to those offenses. In addition, the court imposed a 5-year term of supervised release for the drug offenses, and a concurrent 3-year term for the firearm offense.

Johnson's supervised release commenced on August 7, 2008, in Georgia. Roughly two years later, the Georgia State Patrol stopped Johnson's vehicle, and a search of the vehicle revealed 24 kilograms of cocaine and around $27,000 in cash. Johnson was subsequently indicted in Gwinnett County, Georgia, for cocaine possession.

The Northern District of Georgia received jurisdiction over the case from the Western District of Pennsylvania, and the court's probation office petitioned the district court to revoke the Johnson's supervised release. The court granted the petition. The Guidelines prescribed a sentence range of 24 to 30 months' imprisonment. The district court rejected that range and sentenced Johnson to a term of 38 months, followed by 18 months of supervised release. Johnson now appeals his sentence as procedurally and substantively unreasonable.

We review a sentence imposed upon the revocation of supervised release for reasonableness, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), using an abuse-of-discretion standard. *Gall v. United States*, 552 U.S.

2

38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). First, we must ensure that the sentence was procedurally reasonable, meaning the district court (1) properly calculated the Guidelines sentence range, (2) treated the Guidelines as advisory, (3) considered the factors set out in 18 U.S.C. § 3553(a), (4) did not rely on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Id.* A district court's rationale may be treated as legally sufficient where the record makes clear that it has considered the evidence and the arguments. *Rita v. United States*, 551 U.S. 338, 359, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007). Second, we determine whether the sentence was substantively reasonable.

Revocation of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, or refuses to comply with drug testing in violation of the conditions of supervised release. 18 U.S.C. § 3583(g). Where revocation is mandatory, the district court is not required to consider the § 3553(a) factors. *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000).

Here, the district court adequately explained its sentence at the sentencing hearing. The court expressly stated that it had considered the sentencing factors as well as the advisory Guidelines sentence range. The court emphasized Johnson's history and the characteristics of the instant offense, noting that Johnson's prior

3

incarceration had failed to have a deterrent effect. Therefore, Johnson's sentence is procedurally reasonable.

Johnson argues that his sentence is substantively unreasonable because the district court abused its discretion in rejecting the 24-month sentence recommended by both parties and imposing a sentence that exceeded the Guidelines sentence range. The question we decide is whether the sentence is reasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. We give due deference to the district court's decision that the § 3553(a) factors justify a variance from the recommended Guidelines sentence range. *Id.*

Chapter 7 of the Guidelines governs violations of supervised release and contains policy statements, one of which, U.S.S.G. § 7B1.4, provides recommended ranges of imprisonment applicable upon revocation. So long as the district court is aware of and considered Chapter 7, it may impose any sentence within the statutory maximum. *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000); *United States v. Hofierka*, 83 F.3d 357, 362-63 (11th Cir. 1996).

In light of the fact that Johnson had not been deterred by his earlier incarceration for a similar drug trafficking offense, and that the seriousness of his

drug trafficking had escalated, the district court did not abuse its discretion in imposing a sentence of 38 months' imprisonment followed by 18 months of supervised release. Johnson's sentence is substantively reasonable.

AFFIRMED.