CORRECTED OPINION

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-6152
Non-Argument Calendar

_____

D. C. Docket No. 92-00178-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKEY JEAN BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 18, 2000)**

Before EDMONDSON, HULL and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Rickey Jean Brown appeals his twenty-four month prison sentence imposed

after his supervised release was revoked.  For the reasons below, we affirm.

# I. BACKGROUND

In 1992, Brown was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). He was originally sentenced to thirty-three months of imprisonment with a recommendation to the Bureau of Prisons that he "be committed to an institution where he can receive intensive substance abuse and alcohol treatment." Brown's imprisonment was to be followed by three years of supervised release with the standard conditions of supervision. One of the special conditions of Brown's supervised release was "[t]hat he participate in a Substance Abuse Program, including random drug testing, as [and] when directed to do so by the U.S. Probation Office." He was ordered to pay a special assessment in the amount of $50.00 and restitution in the amount of $2,676.00.

In 1994, Brown was convicted of escaping from a federal prison and bank robbery. For both offenses, he was sentenced to a forty-two month term of imprisonment to be served concurrently and to be followed by a three year term of supervised release with the standard conditions of supervision and additional conditions to be served concurrently. He was ordered to pay restitution for the bank robbery. The terms of imprisonment ran consecutively to his imprisonment under his previous sentence. One of the standard conditions of supervised release

2

was that Brown could not "frequent places where controlled substances are illegally sold, used, distributed, or administered." One of the additional conditions of the supervised release required Brown to "submit to a drug test when ordered to do so by the probation officer." If the probation officer determined that it was necessary, Brown was further required to participate in a substance abuse treatment program.

In 1999, while on supervised release, Brown was arrested for violating the conditions of his release. His probation officer alleged that Brown violated (1) the standard condition of his supervised release prohibiting him from frequenting "places where controlled substances are illegally sold, used, distributed, or administered" because he "tested positive for the use of marijuana from an urinalysis" and (2) the special condition of his supervised release requiring him to "participate in a substance abuse treatment program, including random drug testing, as and when directed to do so by the U.S. Probation Office" because he "failed to report to the [c]ounseling [c]enter . . . for drug and alcohol treatment and random urinalysis" on eight specified dates. Brown signed a waiver of his right to a revocation hearing on the charges, stating in pertinent part: "I hereby voluntarily waive my statutory right to [] a revocation hearing and admit to the violations set forth in the Petition [of the U.S. probation officer] approved by the Court . . . ."

Notwithstanding this waiver, the court held a revocation hearing and accepted Brown's admission of the charges. After hearing the proposals and positions of both parties, the court ruled as follows:

> Here is what I'm going to do, whether I have jurisdiction to do it or not, here is what I'm going to do: I am going to impose the twenty-four month sentence in the Bureau of Prisons and recommend that you be housed in an institution where the Comprehensive Substance Abuse Treatment Program is available. The Probation office is [sic] use their best efforts to get you designated. If for any reason you are not designated, I direct that the Bureau of Prisons amend your sentence to reflect a sentence at the maximum of the Chapter 7 guideline range of eleven months. It's my intention that you not serve more than eleven months, if for any reason that the BOP cannot designate you, not if you have decide [sic] not to go, not if you quit, not if you flunk –[.]

The court sentenced Brown to imprisonment for twenty-four months with a recommendation "strongly urg[ing] the Bureau of Prisons to make available to the defendant the comprehensive, residential, drug treatment program." The court added that "[i]f the program is not available to the defendant, then the Court will amend the 24 month sentence and sentence the defendant to not more than 11 months." (emphasis provided).

Brown appeals his sentence arguing that the district court abused its discretion by departing from the Sentencing Guideline policy statements and imposing a twenty-four month sentence for the purpose of permitting rehabilitation.

4

## II. DISCUSSION

We review a district court's decision to exceed the sentencing range in Chapter 7 of the Sentencing Guidelines for abuse of discretion. *See United States v. Hofierka*, 83 F.3d 357, 361-62 (11th Cir. 1996). We have previously held that "it is inappropriate to imprison or extend the term of imprisonment of a federal defendant for the purpose of providing him with rehabilitative treatment." *United States v. Harris*, 990 F.2d 594, 597 (11th Cir. 1993). In *Harris*, we reasoned that "this prohibition relates only to the imprisonment part of a sentence and not to any other terms of a sentence. In fact, the precise factors that are not to be considered in imposing imprisonment are set forth by statute as factors to be considered in imposing sentence." *Id.* at 596 (citing 18 U.S.C. § 3553(a)(2)(D)). The "imprisonment part of a sentence" does not include probation and supervised release.

According to Brown, his sentence is contrary to this precedent and Chapter 7 of the Sentencing Guidelines. However, *Harris* did not precisely address the issue here–whether a court may consider the need for rehabilitation or treatment when it imposes or arrives at the length of a term of imprisonment after a revocation of supervised release. Moreover, the particular statutes which are relevant in this case were not applicable in *Harris*. Brown's violation of

supervised release compels us to apply certain statutes. The relevance of these statutes and the fact that supervised release was violated are what distinguish this case from *Harris*.

In accordance with *Harris*, we reaffirm that a court cannot impose an initial incarcerative sentence for the purpose of providing a defendant with rehabilitative treatment. *See Harris*, 990 F.2d at 596-97. However, based on the express language of relevant statutes, we hold that a court may consider a defendant's rehabilitative needs when imposing a specific incarcerative term following revocation of supervised release.[1]

------

[1] *See United States v. Wiggins*, 11th Cir. 2000, ___F.3d___ (No. 99-14884, August 2, 2000) (no abuse of discretion in considering drug treatment availability when imposing sentence upon revocation of supervised release); *United States v. Aguillard*, 11th Cir. 2000 ___F.3d___ (No. 99-13358, July 5, 2000) (no plain error in considering rehabilitative treatment to determine length of sentence imposed after revocation of supervised release); *United States v. Thornell*, 128 F.3d 687, 688-89 (8th Cir. 1997) (upholding sentence of imprisonment following revocation of probation where court considered defendant's need for treatment); *United States v. Jackson*, 70 F.3d 874, 880 (6th Cir. 1995) (holding that a court "may properly consider a defendant's rehabilitative needs in setting the length of imprisonment within the range prescribed by statute"); *United States v. Giddings*, 37 F.3d 1091, 1097 (5th Cir. 1994) (holding that a district court may "consider a defendant's need for rehabilitation in arriving at a specific sentence of imprisonment upon revocation of supervised release"), *superseded by statute as stated in Jackson*, 70 F.3d at 880; *United States v. Anderson*, 15 F.3d 278, 282 (2d Cir. 1994) (holding that "a court may consider an offender's medical and correctional needs when requiring that offender to serve time in prison upon the revocation of supervised release"). While we agree with the foregoing holdings, we do not adopt the entire rationales of our sister circuits. In the case at bar, we are dealing with mandatory

Discretionary Revocation of Supervised Release

Generally, a court has several alternatives when confronted with a violation

of supervised release.

> *The court may, after considering the factors set forth in section*
> *3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)--*
>
> (1) terminate a term of supervised release and discharge the defendant
> released at any time after the expiration of one year of supervised
> release . . .;
> (2) extend a term of supervised release if less than the maximum
> authorized term was previously imposed, and may modify, reduce, or
> enlarge the conditions of supervised release, at any time prior to the
> expiration or termination of the term of supervised release . . . ;
> (3) *revoke a term of supervised release, and require the defendant to*
> *serve in prison all or part of the term of supervised release*
> *authorized by statute for the offense that resulted in such term of*
> *supervised release* without credit for time previously served on
> postrelease supervision, if the court, pursuant to the Federal Rules of
> Criminal Procedure applicable to revocation of probation or
> supervised release, finds by a preponderance of the evidence that the
> defendant violated a condition of supervised release, except that a

---

rather than permissive revocation. However, there is no reason to treat the two
differently for purposes of our holding. Only *Jackson* and *Giddings* address
mandatory revocation. *Giddings* involved an old version of 18 U.S.C. § 3583(g)
which has been superseded. *See Jackson*, 70 F.3d at 880. Moreover, to the extent
that it permits a court to consider rehabilitative goals in arriving at the length of an
initial sentence, *Jackson* is arguably contrary to our holding in *Harris* which
precludes a court from considering a defendant's rehabilitative needs when
imposing a prison term or extending that prison term. *Compare Jackson*, 70 F.3d
at 880, *with Harris*, 990 F.2d at 597. With regard to the issue before us, we reach
the same conclusions as our colleagues in the other circuits. However, our
reasoning is premised upon the clear and unambiguous language of the relevant
statutory provisions and our previous decisions.

*defendant whose term is revoked under this paragraph may not be required to serve* more than 5 years in prison *if the offense that resulted in the term of supervised release is* a class A felony, more than 3 years in prison if such offense is a class B felony, *more than 2 years in prison if such offense is a class C or D felony*, or more than one year in any other case; or
(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices . . . only as an alternative to incarceration.

18 U.S.C. § 3583(e) (emphasis added).

The introductory sentence of section 3583 expressly requires a court to consider 18 U.S.C. § 3553 which enumerates the "factors to be considered in imposing a sentence." It provides:

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) . . .
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*
(3) . . .
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(B) in the case of a violation of probation or supervised release, the

8

applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentencing disparities among defendants . . .

18 U.S.C. § 3553 (emphasis added).

The foregoing statutes illustrate the clear legislative mandate that a court must consider a defendant's need for correctional treatment when determining whether to revoke supervised release and sentence a defendant to prison. *See United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir. 1994). "If supervised release is subsequently revoked under 18 U.S.C. § 3583(e), the statute also requires that the § 3553(a) factors be considered. However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors." *Id.* (emphasis provided); *see also United States v. Anderson*, 15 F.3d 278, 281-82 (2d Cir. 1994) (discussing sections 3583 and 3553).

Mandatory Revocation of Supervised Release

"If the defendant . . . possesses a controlled substance . . . or refuses to comply with drug testing imposed as a condition of supervised release;

9

the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)." 18 U.S.C. § 3583(g)(1),(3). Although not mentioned by the district court, Brown's revocation was mandatory because he possessed a controlled substance and refused to comply with drug testing.

The section governing mandatory revocation of supervised release, 18 U.S.C. § 3583(g), "neither instruct[s] nor prohibit[s] the sentencing court from considering rehabilitative goals in determining the length of a sentence upon mandatory revocation of supervised release." *United States v. Jackson*, 70 F.3d 874, 880 (6th Cir. 1995). There is no reason to prohibit a court, upon mandatory or permissive revocation of supervised release, from considering a defendant's rehabilitative needs
in determining the length of a prison term. *See id.*

The preclusion against considering rehabilitation as a reason for imposing or lengthening a term of imprisonment, *see Harris*, 990 F.2d at 597, does not apply when a court sentences a defendant to prison upon revocation of supervised release. *See Anderson*, 15 F.3d at 283. In *Harris*, we reasoned that "rehabilitation-oriented conditions are appropriate on supervised release." *Harris*, 990 F.2d at 596 (citing 18 U.S.C. § 3583(d) (1988 & Supp. II 1990) (including by reference 18

U.S.C. § 3563(b)(10)). "The guidelines are consistent with these statutory provisions, stating that 'it is highly recommended that a [drug-dependent] defendant who is incarcerated also be sentenced to supervised release with a requirement that the defendant participate in an appropriate substance abuse program.'" *Harris*, 990 F.2d at 596 (citation omitted). Section 3583 contemplates that rehabilitative factors will be considered in determining the length of supervised release. *See Anderson*, 15 F.3d at 282. Section 3583(e)(3) "expressly contemplates requiring an offender to serve time in prison equal to his or her period of supervised release, and a court may consider the medical and correctional needs of an offender in determining the length of supervised release." *Id.* at 283. Therefore, it logically follows from the plain language of section 3583(e)(3) that Congress intended that a court may consider the correctional needs of a defendant in determining the length of the defendant's imprisonment after revocation of supervised release. *See id.*

The district court properly considered Brown's rehabilitative needs. The court stated: "the reason I have gone above the Chapter 7 guidelines is you have a substantial substance abuse problem that the Court feels there is no other way to address in the short-term [] [a]nd to protect you and society, I am directing that the BOP attempt to give you the benefit of that program." The court noted that Brown

11

"seriously needed the comprehensive abuse [drug treatment program]." A longer prison term would probably enable Brown to obtain necessary drug rehabilitation without posing a danger to himself and society. *See Jackson*, 70 F.3d at 879.

Chapter 7 Policy Statements

Brown also contends that the district court failed to consider the policy statements of Chapter 7 of the Sentencing Guidelines. These statements provide imprisonment ranges that a sentencing court may follow upon revocation of supervised release. *See Hofierka*, 83 F.3d at 360 (citing U.S.S.G. Ch. 7, Pt. A, intro.). A sentencing court must consider the policy statements, but it is not bound by them because they are "merely advisory." *See id*. at 361; *United States v. Milano*, 32 F.3d 1499, 1502-03 (11th Cir. 1994); *United States v. Thompson*, 976 F.2d 1380, 1381 (11th Cir. 1992). It is clear from the record that the district court did consider the Chapter 7 imprisonment range but decided to exceed it. The court noted: "the statutory maximum that I can impose is a two year custody sentence in the Bureau of Prisons, although the [sic] Chapter 7 of the guidelines range is five to eleven months. You understand I have a lot of discretion here this morning?" The court told Brown that if the Bureau of Prisons could not designate him into an institution where the comprehensive substance abuse treatment program was available, the court would direct the Bureau of Prisons to amend Brown's sentence

12

"to reflect a sentence at the maximum of the Chapter 7 guidelines range of eleven months."

The two year term of imprisonment did not exceed the maximum prescribed by statute. *See* 18 U.S.C. § 3583(e)(3), (g). Supervised release was imposed for Brown's commission of at least one Class C felony. *See* 18 U.S.C. § 2113(a) (1994) (bank robbery; imprisonment cannot exceed twenty years); 18 U.S.C. § 2113(a)(1999) (same); *see also* 18 U.S.C. § 3559(a)(3) (1999) (if the maximum term of imprisonment is "less than twenty-five years but ten or more years," the offense is classified as a Class C felony); 18 U.S.C. § 3559(a)(3) (1994) (same language). Therefore, the maximum term of imprisonment that Brown could have received for revocation of supervised release was two years. *See* 18 U.S.C. § 3583(e)(3) (1999) (a defendant cannot be required to serve more than two years in prison if the offense for which revocation was revoked is a class C felony).

## III. CONCLUSION

We conclude that a sentencing court may consider the rehabilitative needs of a defendant when imposing or determining the length of a term of imprisonment upon mandatory or permissive revocation of supervised release. The district court did not abuse its discretion in considering Brown's need for drug rehabilitation when it imposed a two year term of imprisonment upon revocation of his

13

supervised release.

AFFIRMED.