**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 01-4666

EARL WINSLOW,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-94-35)

Submitted: June 21, 2002

Decided: July 11, 2002

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Richard Andrew Davis, Charlottesville, Virginia, for Appellant. John
L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Earl Winslow appeals the sentence of thirty-six months imprisonment that the district court imposed on him after it revoked his supervised release. For the reasons explained below, we vacate the sentence and remand for resentencing.

Winslow pled guilty to federal drug charges in 1996 and was sentenced to a term of eighty months imprisonment and sixty months supervised release. Winslow began serving his term of supervised release in March 2000, in New York City. After Winslow repeatedly violated supervised release by using drugs and failing to appear for drug testing, the district court revoked his supervised release in August 2001. The guideline range recommended under *U.S. Sentencing Guidelines Manual* § 7B1.4, p.s. (2000), was 8-14 months imprisonment. The statutory maximum sentence was thirty-six months imprisonment.

The court found that Winslow needed an intensive drug treatment program, and that the twelve-month, 500-hour treatment program he had completed while incarcerated was not the most intensive program the Bureau of Prisons (BOP) had to offer. The court stated its belief that the BOP offered a longer program lasting 24-30 months that would benefit Winslow. The court imposed a sentence of thirty-six months imprisonment so that Winslow could participate in that treatment program. On appeal, Winslow contends that the program envisioned by the district court is not available and that the district court consequently abused its discretion in imposing the three-year sentence.

This court reviews a sentence imposed after a revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). The sentencing range calculated under § 7B1.4 is purely advisory, so the district court did not abuse its discretion simply by imposing a sentence above the range. *Davis*, 53 F.3d at 642. The district court did not err in considering Winslow's need for rehabilitation because the statute governing revocation of supervised release, 18 U.S.C.A. § 3583 (West 2000 & Supp. 2002)

expressly permits consideration of this factor. *See, e.g.*, *United States v. Brown*, 224 F.3d 1237, 1240 (11th Cir. 2000). The sentence did not exceed the statutory maximum. *See* 18 U.S.C.A. § 3583(e)(3) (providing for three-year maximum for Class B felony).

Winslow claims on appeal that the district court's decision to sentence him to the statutory maximum of thirty-six months was an abuse of discretion because it was based on misinformation. Relying on 18 U.S.C. § 3621(e) (1994), and 28 C.F.R. § 550.56 (2000), Winslow maintains that the BOP does not have a drug treatment program lasting 24-36 months, that he has already completed the longest treatment program, which is the 500-hour program lasting 6-12 months, and that he is ineligible to repeat the program.

Our examination of the materials submitted on appeal reveals only that Winslow may be correct. It is not entirely clear to this court what treatment programs are available to an inmate returned to custody after revocation of supervised release, but it is evident that the district court lacked sufficient reliable information about treatment options to justify imposing a thirty-six month sentence so that Winslow could participate in a particular program that may not exist. The district court specifically stated that it was imposing a thirty-six month sentence so that Winslow could participate in a 24-30-month drug treatment program which may well be unavailable. The district court did not provide any other reason for imposing a sentence of that length, and it is not clear from the record that the court would have imposed the same sentence had it been aware that the intensive program it had in mind is not currently available.

Given the circumstances, we vacate the sentence and remand for further proceedings. On remand, the parties should consult the BOP and present to the district court reliable information as to what treatment programs are available to a defendant returned to custody after revocation of supervised release.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*