[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15955
Non-Argument Calendar
_____

D. C. Docket No. 01-00473-CR-B-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMANDA A. SPAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 21, 2005

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Amanda Spain appeals her twenty-four-month prison sentence imposed for

violating the terms of her supervised release. She contends that this sentence, which was fourteen months more than that recommended by the guidelines, was "unduly harsh" considering that she only violated her supervised release by writing bad checks. She also contends that the district court did not consider the guidelines range and that the court did not justify a departure from the guidelines range. Spain is wrong on all accounts.

We review the district court's decision to exceed the sentencing range recommended for revocations of supervised release for abuse of discretion. United States v. Wiggins, 220 F.3d 1248, 1249 (11th Cir. 2000). While the federal sentencing guidelines recommend a range of imprisonment for the revocation of a defendant's supervised release, it is not binding on the district court. United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000). As long as the district court considers the recommended range and does not impose a term of imprisonment beyond the statutory maximum for the defendant's offense, it does not abuse its considerable discretion to fashion an appropriate term of imprisonment for violating the conditions of supervised release. See id. at 1242–43.

Here, the district court explicitly considered the guidelines range: "The Sentencing Commission's policies indicate that a grade B violation, together with a Criminal History Category of one results in a guidelines revocation range of four to

ten months if supervised release is revoked.  The Court has considered these policy statements, but has concluded that the sentence recommended by the Sentencing Commission is inadequate in this case."

This conclusion was based on Spain's conduct within a year of her release from federal prison for bank fraud.  Specifically, Spain accepted two bids on e-Bay for a diamond ring she purportedly had.  The two purchasers sent her checks for $5,000 and $6,100, respectively, but she sent an empty box in return and blamed it on UPS when the purchasers inquired.

Spain did the same thing with a Rolex watch.  When the purchaser filed a complaint with UPS after not receiving the watch, UPS sent Spain a check for $900.  She never gave any of that money to the purchaser.  And, Spain passed two bad checks, for $106.99 and $94.73, to a local drug store.

The twenty-four-month sentence, while more than double the recommended range, was within the statutory maximum for Spain's bank fraud.  Given that, and given Spain's continuing disregard for the law, we cannot say that the district court abused its discretion in considering and rejecting the recommended revocation range.

**AFFIRMED.**