[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

No. 10-13593
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cr-00046-KOB-PWG-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHILLIP EARL CHANDLER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 17, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Phillip Chandler appeals his sentence of 36 months of imprisonment

following the revocation of his supervised release. Chandler argues that his

sentence is unreasonable.  We affirm.

Chandler's sentence is procedurally and substantively reasonable.  In 2005, Chandler pleaded guilty to conspiring to manufacture more than 100 marijuana plants, 21 U.S.C. §§ 846, 841(b)(1)(B), and while he was on supervised release, Chandler and his brother cultivated 58 marijuana plants.  The district court considered Chandler's guideline range of 12 to 18 months of imprisonment, but found that "[a] thirty-six month . . . sentence" was necessary to address "the nature of [Chandler's] new criminal conduct," his commission of a "second felony drug offense," the "serious[ness] of [his] crime," his lack of "respect for the law," and to "ensure deterrence[,] and . . . protect the public from future criminal conduct" by Chandler, 18 U.S.C. §§ 3583(e), 3553(a).  "[A]t revocation the [district] court should sanction primarily the defendant's breach of trust,"  U.S. Sentencing Guidelines Manual, ch. 7, pt. A, introductory cmt. 3(b), and the district court reasonably determined that Chandler's decision to return to the drug trade while under supervised release warranted an upward variance to the maximum statutory sentence, see United States v. Brown, 224 F.3d 1237, 1242–43 (11th Cir. 2000). The district court did not abuse its discretion.

Chandler's sentence is **AFFIRMED**.