[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10830
Non-Argument Calendar
_____

D.C. Docket No. 3:07-cr-00309-HLA-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVEDGE MOSES MOORE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 9, 2012)

Before BARKETT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Evedge Moses Moore, formerly a baggage handler working for a

subcontractor of the Transportation Security Administration and originally convicted of one count of stealing property in possession of a common carrier, 18 U.S.C. § 659, appeals his 9-month custodial sentence imposed following revocation of his probation.   He argues that the district court's brief findings were insufficient to meet the requirements for procedural and substantive reasonableness of his sentence.

This is at least the third time Moore violated his probation. In October 2008, the probation office filed a petition to modify Moore's conditions and require him to spend 60 days at a Residential Reentry Center, because he had been convicted, in the meantime, of driving without a license, he was not maintaining a lawful occupation, he had failed to make some restitution payments, and he had failed to complete community service.   The judge granted the petition.   Moore received an official written reprimand in June 2009, for additional violations of a similar nature.

In March 2011, the probation office filed a new petition to revoke Moore's probation.   The probation office alleged that he had failed to submit written monthly reports, failed to report as instructed on multiple occasions, failed to make restitution payments, and tested positive for marijuana on February 15, 2011. The court held a revocation hearing in May 2011.   It ultimately found him guilty on all counts, and extended his probation by two years, with the same conditions to apply.

2

The district court stated that the first time Moore failed to file his monthly report or tested positive for marijuana, it wanted him "brought back here." A judgment reflected the revocation and extension.

In late 2011, the probation office filed the present revocation request. It alleged that Moore had: (1) failed to submit monthly written reports for multiple months; (2) failed to report to the probation office as instructed by the officer; and (3) twice tested positive for marijuana, on October 18, 2011 and November 21, 2011. The memorandum stated that Moore admitted using marijuana approximately three times a week, that he "would not be able to do two more years on probation," and that he had committed a grade "C" violation resulting in a guideline imprisonment range of three to nine months if probation was revoked. In an update to the judge, the probation officer stated that Moore continued to be non-compliant and to test positive for marijuana, despite attending an outpatient substance abuse treatment program.

We find no reversible error. Under 18 U.S.C. § 3565(b)(4), probation "shall" be revoked and imprisonment imposed if a defendant tests positive for illegal controlled substances more than three times over the course of one year. If revocation is mandatory, then the § 3553(a) factors need not be considered. *United States v. Brown*, 224 F.3d 1237, 1241-42 (11th Cir. 2000).

3

In any case, the district court and record provides more than sufficient explanation for the reasonableness of Moore's sentence. Moore received a guideline range sentence, which we expect to be reasonable and thus is reinforced by the mandatory nature of the revocation of probation, which resulted following multiple warnings and violations, and included no additional term of supervised release.

**AFFIRMED.**