[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14395
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-00073-MEF-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


WILLIE K. WARREN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 6, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Willie K. Warren appeals his 24-month sentence, imposed upon revocation of his term of supervised release due to unlawful use of a controlled substance. On appeal, Warren argues that his sentence is procedurally unreasonable because his sentence was predetermined at a prior revocation hearing. In addition, Warren argues that his sentence is substantively unreasonable because the district court failed to attach significant weight to his deteriorating health and instead focused on the prior promise of punishment. After thorough review, we affirm.

We review a sentence imposed by the district court upon revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). In reviewing the reasonableness of a sentence, we must first ensure that the district court committed no significant procedural error. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). Upon finding that a defendant has violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a). *Velasquez Velasquez*, 524 F.3d at 1252; 18 U.S.C. § 3583(e). In imposing a sentence upon revocation of supervised release, the district court must consider the advisory ranges of imprisonment set forth in Chapter 7 of the Sentencing Guidelines. *United States v. Brown*, 224 F.3d 1237, 1242 (11th Cir. 2000).

2

Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We consider the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, the need to afford adequate deterrence, the need to protect the public, and the need to provide the defendant with medical care or treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The weight given to a particular factor under § 3553(a) is left to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); *see also Gall*, 552 U.S. at 57, 128 S. Ct. at 600 (holding that the district court may give "great weight" to a particular § 3553(a) factor). We will remand for resentencing only if left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court's decision to impose a 24-month sentence was both procedurally and substantively reasonable. The district court expressly stated that it considered the factors set forth in 18 U.S.C. § 3553(a), as well as the advisory range set forth in Chapter 7 of the Sentencing Guidelines, and it explained its

3

reasons for imposing the sentence that it did.  *See Velasquez Velasquez*, 524 F.3d at 125; *Brown*, 224 F.3d at 1242.  Warren argues that he did not have a fair hearing because the district court considered itself bound to its promise at a prior revocation hearing that it would impose the statutory maximum sentence if Warren ended up in court again.  Despite the fact that Warren was ultimately sentenced to the statutory maximum sentence of 24 months' imprisonment, the district court expressly stated on at least two occasions that it did not consider itself bound by this statement and further explained that this prior statement was not the reason it imposed this particular sentence.

The record also supports the district court's conclusion that a lesser sentence would not be sufficient to accomplish the purposes of § 3553(a)(2), including the need to promote respect for the law, afford adequate deterrence, and provide just punishment.  Even though Warren had already had his term of supervised release revoked twice and served a term of imprisonment upon each revocation, he continued to disregard conditions imposed upon him by the court and continued his unlawful use of controlled substances.  Both prior revocations were for, *inter alia*, his unlawful use of controlled substances.  The current revocation was also for his unlawful use of controlled substances.  Although Warren argues that his medical condition justifies a lower sentence,[1] the record reveals that the district court did

---

[1]    Warren has cystic fibrosis and other medical conditions derived from cystic fibrosis.

4

consider Warren's health situation.  Moreover, the district court has considerable discretion to give great weight to Warren's continued disregard for the conditions imposed on him, the failure of prior revocations of his supervised release to deter his criminal conduct, and his continued unlawful use of controlled substances. Based on these considerations, the district court's decision to impose a 24-month sentence was reasonable.  Accordingly, we affirm.

AFFIRMED.