[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12745
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00067-CG-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL LYNN HENDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 5, 2017)

Before TJOFLAT, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

Darrell Henderson appeals his 24-month sentence, imposed after the District Court revoked his supervised release.[1]  Henderson first argues that his sentence is procedurally unreasonable because the District Court did not acknowledge any of the 18 U.S.C. § 3553(a) factors during sentencing.  Next, he argues that his sentence is substantively unreasonable because the Court failed to consider the § 3553(a) factors when sentencing him to the statutory maximum.  Had the factors been considered, he contends, a shorter sentence would have been issued.

We review for an abuse of discretion the procedural and substantive reasonableness of a sentence imposed upon revocation of supervised release.  *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  The reasonableness of a sentence is assessed using a two-step process.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  We first ensure that the court committed no significant procedural error, such as failing to consider the § 3553(a) factors, improperly calculating the guideline range, or inadequately explaining its chosen sentence.  *Id.*  The court's failure to explicitly state that it considered the § 3553(a) factors does not render the sentence procedurally unreasonable so long as the record reflects that the court considered the factors.  *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).  Second, after checking for procedural error, we examine whether the sentence was

---

[1] The guideline range for Henderson's supervised release violations was 18 to 24 months' imprisonment, and the statutory maximum was 24 months' imprisonment.

2

substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2).[2] 18 U.S.C. § 3553(a). The weight accorded to any § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011).

Under 18 U.S.C. § 3583(g), however, a court need not consider the § 3553(a) factors when revocation of a defendant's supervised release term is mandatory. *United States v. Brown*, 224 F.3d 1237, 1242 (11th Cir. 2000). Such revocation is mandatory when a defendant violates a condition of his release by "refus[ing] to comply with drug testing imposed as a condition of supervised release." 18 U.S.C. 3583(g)(3).

Here, the District Court did not abuse its discretion by failing to acknowledge the § 3553(a) factors during sentencing.[3] Revoking Henderson's supervised release was mandatory due to the Court's finding that he failed to

[2] These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)–(7).

[3] The Government argues that the plain-error standard applies since Henderson's counsel did not object specifically to procedural reasonableness at sentencing, instead stating only that a "sentence of 24 months, in this case, considering the circumstances, is unreasonable." We affirm under the more lenient abuse-of-discretion standard, so we need not address this argument.

submit to drug testing.  Under § 3583(g), the Court was therefore not required to consider the § 3553(a) factors.  *See Brown*, 224 F.3d at 1242.  And even assuming it was required to consider the factors, the record indicates that the Court considered them and sufficiently explained its reasons for the 24-month sentence. The Court knew of Henderson's extensive criminal history and heard several witnesses testify about Henderson's numerous violations of supervised release. Thus, although the Court did not provide a detailed explanation for its sentence, the record demonstrates that it considered the § 3553(a) factors, including Henderson's history and characteristics, the nature and circumstances of his violations, and the need to deter him from committing future crimes.  *Cf. Dorman*, 488 F.3d at 944.

The District Court also did not impose a substantively unreasonable sentence.  It reasonably concluded from the record that a 24-month sentence reflected the seriousness of Henderson's violations and was necessary to deter him from violating supervised release and committing other crimes in the future.  *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The sentence was thus substantively reasonable in light of the totality of the circumstances, including Henderson's criminal history, his current violations, and the need for deterrence.  *See id.*; 18 U.S.C. § 3553(a).  Accordingly, the Court did not abuse its discretion in issuing Henderson a 24-month sentence.

**AFFIRMED.**