[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13479
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00107-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY DERRELL SLEDGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(January 10, 2019)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Sledge appeals the district court's imposition of a 6-month term of imprisonment and 30-month term of supervised release following the revocation of his supervised release. He argues that his sentence was substantively unreasonable because it was not tailored to his individual circumstances, specifically, that he was addicted to opioids.

We review the sentence imposed by the district court upon the revocation of supervised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). When reviewing for reasonableness, this Court applies a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).[1] Abuse of discretion can be shown when the district court: (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper facts. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016).

Upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C.

---

[1] Both parties assert that we should review Sledge's claim for plain error because he did not object to the reasonableness of his sentence in the district court. When a defendant did not object to a procedural sentencing error, we review for plain error. *See Vandergrift*, 754 F.3d at 1307. But we have not decided whether plain error review applies when a defendant is challenging the substantive reasonableness of his sentence. In this case, we need not address that issue because we hold that there was not an abuse of discretion.

§ 3553(a).  18 U.S.C. § 3583(e)(3).  In part, sentencing courts must consider (1) the nature of the offense and the history and characteristics of the defendant; (2) the need to adequately deter criminal conduct; (3) the need "to protect the public from further crimes of the defendant"; and (4) the advisory guideline range. *See id.* §§ 3583(e), 3553(a)(1), (a)(2)(B)-(C), (a)(4).  The district court is required to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes listed in § 3553(a).  *Id.* § 3553(a).  We will remand only when we are left with "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

Where revocation is mandatory, however, the district court is not required to consider the § 3553(a) factors in imposing a sentence.  *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319 (2011).  Revocation of supervised release and a sentence of imprisonment are mandatory if the district court finds that the defendant violated a condition of his supervised release by testing positive for drugs more than three times over the course of one year.  18 U.S.C. § 3583(g)(4).  However, the court is required to consider whether the availability of drug

treatment or the defendant's past or present participation in treatment warrants an exception to the otherwise required term of imprisonment.  *Id.* § 3583(d).

Here, the district court did not abuse its discretion in imposing Sledge's sentence.   Revocation of Sledge's supervised release was mandatory and, thus, the court was not required to consider the 18 U.S.C. § 3553(a) factors when imposing his sentence.  Moreover, although it was not required to do so, the court considered the § 3553(a) factors, including Sledge's history of repeated pattern of violations of his supervised release conditions and the need to deter the same behavior.  In addition, it indicated that the 30-month term of supervised release would serve the goal of rehabilitation.  Thus, the record demonstrates that Sledge's sentence was substantively reasonable.

**AFFIRMED.**