[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11344
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20149-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENE AUGUSTO VARGAS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 15, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Rene Vargas appeals the substantive reasonableness of his 24-month sentence—an upward variance from his guideline range of five to eleven months—imposed upon revocation of supervised release. After careful review, we conclude that Vargas failed to show that the district court abused its discretion at sentencing. We therefore affirm.

I.

Vargas pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him to 57 months of imprisonment, followed by three years of supervised release. Vargas successfully served his prison sentence but the district court found that he had violated his supervised release by testing positive for cocaine twice. The court chose to reinstate the original term of supervised release, and it also ordered Vargas to participate in drug treatment.

Vargas then tested positive for cocaine for a third time. And so his probation officer prepared a Report and Recommendation ("R&R") and a Pre-Sentence Investigation for the final revocation hearing. These noted that Vargas had previously violated the terms of community control and probation in state court and the terms of supervised release in federal court. In the state court cases,

2

the state court had chosen to revoke his community control; in the federal court case, the district court had chosen to reinstate his supervised release—modifying its terms to include participation in a drug treatment program.  In this case, the R&R advised that the district court could—if it chose to revoke Vargas' supervised release—impose a maximum term of imprisonment of two years, pursuant to 18 U.S.C. § 3583(e)(3).  Based on his criminal history category of III and his use of cocaine—a Grade C violation—Vargas's advisory Sentencing Guidelines range was five to eleven months of imprisonment.

At Vargas's supervised release revocation hearing, the government recommended that Vargas receive an eight-month sentence, while Vargas asked for house arrest.  The district court granted neither.  After considering the 18 U.S.C. § 3553(a) factors,[1] the district court chose to vary upward, revoking Vargas's supervised release and sentencing him to two years of imprisonment, the statutory maximum, followed by one year of supervised release.

---

[1] The court must consider "the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  It must also consider "the need for the sentence imposed," including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* (2)(A); "to afford adequate deterrence to criminal conduct," *id.* (2)(B); "to protect the public from further crimes of the defendant," *id.* (2)(C); and "to provide the defendant with needed educational or vocational training" or other care or treatment, *id.* (2)(D).  And the court must further consider "the kinds of sentences available," *id.* (3); "the kinds of sentence and the sentencing range established" for similar offenses, *id.* (4); "any pertinent policy statement" issued by the Sentencing Commission, *id.* (5); "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* (6); and "the need to provide restitution to any victims of the offense," *id.* (7).

This is Vargas' appeal.

## II.

We review sentences imposed for violations of the terms of supervised release for reasonableness, analyzed under an abuse of discretion standard. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging a sentence bears the burden of showing that the sentence is unreasonable. *United States v. Rosales-Bruno,* 789 F.3d 1249, 1256 (11th Cir. 2015).

Although we afford district courts substantial deference in their sentencing decisions, they must abide by certain parameters at sentencing. *Id.* When imposing a sentence for revocation of supervised release, the district court must consider: the nature of the offense; the defendant's history and characteristics; the need for deterrence and public protection; the defendant's educational and vocational needs; and the applicable guideline range and pertinent policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3583(e) (specifying § 3553(a) factors courts must consider in revocation sentencing decision, including § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

Consideration of these factors is mandatory, not advisory, before the district court may revoke supervised release and impose a term of imprisonment. *United*

*States v. Brown,* 224 F.3d 1237, 1241 (11th Cir. 2000) ("If supervised release is subsequently revoked under 18 U.S.C. § 3583(e), the statute also requires that the § 3553(a) factors be considered." (internal quotation marks omitted)), *abrogated on other grounds by United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014). And so a district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

"This Court will defer to the district court's judgment regarding the weight to be given to the § 3553(a) factors unless the district court has made a clear error of judgment." *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014) (internal quotation marks omitted). We will vacate a sentence only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quoting *U.S. v. Pugh*, 515 F.3d 1179, 1191 (2008)).

### III.

Vargas argues that his sentence is substantively unreasonable for three reasons. We address each argument in turn.

5

First, Vargas argues that the district court improperly weighed the relevant 18 U.S.C. § 3553(a) factors in varying upward from the applicable guideline range. But the record does not support that contention. The district court's stated reasons were sufficient both to justify its upward variance and to facilitate meaningful review. *See Dougherty*, 754 F.3d at 1363. At the revocation hearing, the district court announced that had it considered all of the § 3553(a) factors, then applied them to "decide where within the guidelines, above the guidelines or below the guidelines" to sentence Vargas. Doc. 88 at 30.[2] The court specifically considered Vargas's personal history by hearing testimony about Vargas's family life and medical care and also took into account Vargas's criminal history and prior violations of supervised release. Our review of the revocation hearing does not leave us with a definite conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1190. We find no abuse of discretion.

Vargas's second argument is that the district court improperly cited the need to protect society, but no evidence presented at the revocation hearing indicated that he was a threat to society. The district court did cite the need to protect society in crafting its sentence, a permissible consideration under § 3553(a)(2)(C). Evidence presented at the revocation hearing indicated that Vargas had, on

---

[2] All citations in the form "Doc. #" refer to numbered entries on the district court docket.

multiple occasions, violated the terms of his supervised release by engaging in criminal conduct. In the federal system, Vargas violated the terms of his supervised release in federal court by thrice testing positive for cocaine. And in state court, Vargas violated the terms of his sentences of community control and probation and had those sentences, too, revoked. The district court's focus on deterrence was justified—both because deterrence is a § 3553(a) factor, *see* § 3553(a)(2)(B), and given the facts of this case. We cannot conclude that the district court abused its discretion by considering it.

Vargas's third argument is that the district court improperly considered his criminal history in crafting an upward variance, because his criminal history previously was factored into the guidelines calculation. But the district court is entitled to "consider facts that were taken into account when formulating the guideline range for the sake of a variance." *Dougherty*, 754 F.3d at 1362. Such consideration is not a clear error of judgment for which we will vacate the sentence the district court imposed.

## IV.

Vargas has not met his burden of showing that his sentence was unreasonable in light of the record and the § 3553(a) factors. We therefore affirm.

**AFFIRMED.**

7