[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12746
Non-Argument Calendar

_____

D.C. Docket No. 6:06-cr-00197-JA-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWNTAVIS GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 20, 2019)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Shawntavis Green appeals his 46-month sentence, imposed at the low end of his guideline range, following the revocation of his supervised release. Green admitted that he violated the terms of his supervised release when he was charged with a domestic-violence offense under Florida law and tested positive for methamphetamine. He now argues that the district court procedurally erred by focusing too heavily on the specific facts of the domestic-violence offense underlying his violation, rather than making the "breach of trust" of the supervised release system its primary inquiry. After review,[1] we affirm.

Applicable policy statements in the Sentencing Guidelines indicate that the primary focus of a revocation sentence is the defendant's breach of trust, though the district court can account, to a limited degree, for the seriousness of the underlying violation. U.S.S.G. § Ch. 7, Pt. A, intro. comment 3(b). Specifically, the court may consider the conduct leading to the revocation in measuring the extent of the defendant's breach of trust, but the overall goal of the sentence is to sanction the defendant for failing to abide by the conditions of his supervision. *Id.*

---

[1] The parties dispute the standard of review—the Government asserts plain-error review applies because Green failed to object in the district court after the sentence was imposed, while Green maintains this Court should review the reasonableness of his sentence under an abuse-of-discretion standard. While Green did not raise any objections following the district court's pronouncement of its sentence, he did argue, throughout the revocation proceeding, that the district court should focus primarily on the "violation of trust" that occurred when he violated the terms of his supervised release, and should only focus on the underlying offense "in a limited fashion." We need not definitively resolve whether this was sufficient to preserve the error for appeal, as Green's 46-month revocation sentence is reasonable under the higher abuse-of-discretion standard. *See United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008) ("We review both the procedural and substantive reasonableness of the sentence under an abuse-of-discretion standard.").

According to Green, the district court here went too far in considering his underlying conduct, rendering his sentence procedurally unreasonable.

Green's claim of procedural error fails for several reasons. The policy statements are not binding on the district court; the court must simply consider them, which the record indicates it did. *See United States v. Brown*, 224 F.3d 1237, 1242 (11th Cir. 2000). Second, although the district court discussed Green's underlying conduct, it expressly indicated his domestic violence offense was a "breach of the trust" it had placed in him. Thus, the record shows the court's discussion of Green's underlying conduct was focused on measuring the extent of his breach of trust.

Third, contrary to Green's arguments, the district court specifically stated that it was not sentencing Green as a state judge. Green points to the district court's statement that, were it a state court presiding over criminal charges stemming from the domestic-violence incident, it would have imposed the maximum sentence. Green argues this statement "clearly reflects that the conduct underlying [his] violation was, in the court's mind, the end all be all of the sentencing determination." However, a closer examination of the record reflects the court did not offer its opinion on the seriousness of the underlying conduct unprompted. Rather, it made this statement in response to Green's argument that, if he was convicted and sentenced on the underlying state charge, he would likely

face a sentence of only a year and a half to two years.  The statement therefore is not as reflective of what was "in the court's mind" at sentencing as Green suggests.

Finally, the district court stated that it was basing the sentence on the considerations already mentioned, along with the remaining 18 U.S.C. § 3553 factors, and its pronouncement provided enough reasoning to show that it considered the arguments and had a reasoned basis for the sentence.  *See United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) ("[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." ).

In sum, the district court did not procedurally err in imposing Green's sentence.  Accordingly, we affirm.

**AFFIRMED.**