[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-14189

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAFAEL PEREZ,
a.k.a. Rafael Perez-Martinez,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:19-cr-00020-CDL-MSH-1

————————————

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Rafael Perez appeals his sentence of 24 months' imprisonment for violation of his supervised release conditions, ordered to run consecutive to his 137-month sentence for possession of a firearm by a convicted felon. On appeal, Perez first argues that his revocation sentence is procedurally unreasonable because the court failed to consider the 18 U.S.C. § 3553(a) factors before imposing that sentence. Second, Perez argues that his 24-month, consecutive revocation sentence is substantively unreasonable because the court did not consider the § 3553(a) factors when it imposed a sentence that he believes was longer than necessary. After careful review, we affirm the sentence imposed by the district court.

## I.

We ordinarily review procedural reasonableness for abuse of discretion, but if the defendant fails to object at sentencing, we will only review for plain error. *United States v. Owens*, 96 F.4th 1316, 1320 (11th Cir. 2024) (citation omitted). "To reverse an error raised for the first time on appeal, a defendant must show not only that the error was 'plain' but also that it affected his substantial rights." *Id.* (quotation marks and citation omitted). Even then, we only exercise our discretion to correct errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citation omitted).

When a term of supervised release is imposed as part of a defendant's sentence, the district court, after considering several factors set out in § 3553(a), has the discretion to revoke the term if the defendant violates any of his release conditions. 18 U.S.C. § 3583(e)(3). However, revocation of supervised release is mandatory, rather than discretionary, when a defendant "possesses a firearm . . . in violation of Federal Law." *Id*. § 3583(g)(2).

Likewise, for a sentence to be procedurally reasonable, the district court generally must consider the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, when the court revokes supervised release because it is mandatory, it is not required to consider the § 3553(a) factors. *See United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000) ("[W]hen revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors.") (citation omitted), *abrogated on other grounds as recognized by Tapia v. United States*, 564 U.S. 319 (2011). We have held that failing to account for the § 3553(a) factors is therefore not a procedural error. *See id*. at 1241–42. While there is nothing preventing a sentencing court from considering goals like rehabilitation in determining its sentence, these kinds of considerations are not required under § 3583(g) either. *See id*. at 1242.

In this case, Perez "admit[ted] to the violations with regard to [his] supervised release," including that he "committed the new offense of possession of a firearm by [a] convicted felon." When a defendant "possesses a firearm . . . in violation of Federal Law,"

revocation is mandatory.[1]  § 3583(g)(2).  Therefore, the district court's revocation sentence was procedurally reasonable because the court was not required to consider the § 3553(a) sentencing factors when it revoked Perez's term of supervised release. *Brown*, 224 F.3d at 1241.  We thus conclude that the district court did not commit plain error in not considering the § 3553(a) factors when imposing the revocation sentence.

## II.

Perez also challenges the substantive reasonableness of his revocation sentence.  When a substantive-reasonableness challenge is preserved, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51.  The question is whether "the § 3553(a) factors, on the whole, justif[y] the sentence." *Id*. at 59–60.  Section 3553(a) of Title 18 requires a district court to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes listed under § 3553(a)(2), including the need to deter criminal conduct, protect the public, and provide educational and vocational training, medical care, and other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(B)–(D).  Other § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Sentencing Guidelines, the need to avoid unwarranted

---

[1] This is the case even when § 3583(g) is "not mentioned by the district court." *Brown*, 224 F.3d at 1242.

sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(3)–(7).

The advisory guidelines state that, for a case "involving an undischarged term of imprisonment, the sentence . . . may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d); *United States v. Gomez*, 955 F.3d 1250, 1258 n.6 (11th Cir. 2020) (noting that "the decision to impose consecutive federal sentences was well within the district court's discretion"). The Sentencing Commission has explained that this section applies in cases "in which the defendant was on federal . . . supervised release at the time of the instant offense and has had such . . . supervised release revoked." U.S.S.G. § 5G1.3, comment. (n.4(C)). When deciding whether to run sentences consecutively or concurrently under § 5G1.3(d), the Commission recommends that courts consider: (1) the factors set forth in 18 U.S.C. § 3583, which references the § 3553(a) factors; (2) the type and length of the undischarged sentence; (3) the time served on the undischarged sentence; (4) the fact that the undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and (5) any other circumstance relevant to determining an appropriate sentence for the federal offense. *Id.*, comment. (n.4(A)(i)–(v)). The Sentencing Commission, however, has also expressed a clear preference for consecutive sentences when a defendant has been sentenced to prison after having his supervised release revoked, stating that "the Commission

recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." *Id.*, comment. (n.4(C)); U.S.S.G. § 7B1.3, comment. (n.4) ("[I]t is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of . . . supervised release be run consecutively to any term of imprisonment imposed upon revocation."). This is further emphasized in U.S.S.G. § 7B1.3(f), which states that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G § 7B1.3(f).

The party challenging the sentence bears the burden of establishing that it is unreasonable in light of the record as a whole, the § 3553(a) factors, and the substantial deference owed to sentencing courts. *Gomez*, 955 F.3d at 1255 (citation omitted). We have held that we will only vacate a sentence based on substantive unreasonableness if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Here, the district court did not abuse its discretion by ordering the sentences to run consecutively because, according to the

Sentencing Guidelines, a penalty for violation of supervised release conditions is to be imposed in addition or consecutive to penalties resulting from the underlying offense. The decision to impose consecutive federal sentences is "well within the district court's discretion" where a defendant is sentenced to both a prison term for committing a federal crime and a "term of imprisonment imposed upon the revocation of probation or supervised release." *Gomez*, 955 F.3d at 1258 n.6. Therefore, we conclude that the district court's order that Perez's sentences run consecutively was neither an abuse of discretion nor substantively unreasonable.

★    ★    ★

For the reasons stated, we hold that the post-revocation sentence imposed by the district court was neither procedurally nor substantively unreasonable. We thus affirm Perez's sentence.

**AFFIRMED**.