[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12102
Non-Argument Calendar

_____

D.C. Docket No. 2:97-cr-00276-SLB-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY LEE TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 24, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Lee Taylor is a federal prisoner who in 1998 pleaded guilty to three counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He was sentenced to 120 months of imprisonment and 60 months of supervised release. After he was released from prison, the district court, upon a petition of the probation office, revoked Taylor's supervised release and sentenced him to an additional 11 months imprisonment followed by 24 months of supervised release. During this 24-month period, the district court again revoked Taylor's supervised release. This time the district court sentenced Taylor to 30 months of imprisonment, which was above the guideline range, followed by another 19 months of supervised release with the first six months to be served on home detention. In this appeal, Taylor challenges (1) the reasonableness of his above-guideline-range sentence imposed after the second revocation hearing and (2) whether the terms of his revocation resulted in a sentence above the statutory maximum. After review of the record and the parties' arguments, we affirm.

In considering Taylor's first argument, we review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). A district court's decision to impose a sentence above the range recommended by Chapter 7 of the Sentencing Guidelines is reviewed for abuse of discretion. See United States v. Brown, 224

2

F.3d 1237, 1239 (11th Cir. 2000). A sentencing court must consider the Chapter 7 policy statements, but it is not bound by them because they are "merely advisory." Id. at 1242 (quotation marks omitted). The relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

On this record, we find that Taylor's sentence was not substantively unreasonable. The district court adequately explained the basis for the sentence it imposed, which took into account relevant § 3553(a) sentencing factors. See 18 U.S.C. § 3553(a)(1)–(2). The district court considered the nature and circumstance of Taylor's offense, as well as his history of violent incidents, problems controlling his anger, and the fact that his previous revocation and warnings from his probation officer had not prevented further violations of the conditions of his supervised release. Id. § 3553(a)(1). In Taylor's favor the district court considered positive statements from the probation officer, the fact that Taylor had been working, and that he eventually took responsibility for his most recent violation. The district court also considered the need for the sentence to promote respect for the law, in particular with regard to Taylor's attempt to use perjured testimony to avoid his revocation. Likewise the district court evaluated the need to afford adequate deterrence, to protect the public, and provide the defendant with

correctional treatment. Id. § 3553(a)(2)(A)–(D). Lastly, in deciding to sentence Taylor to an additional 30 months of imprisonment, the district court determined that the applicable guideline range was 5 to 11 months, considered the agreement of the parties to recommend 11 months, and took into account the maximum sentence she could have given, as well as the conditions she could apply to Taylor's supervised release. Id. § 3553(a)(3)–(4). Based on all these considerations, the district court's decision to impose a sentence above the guideline range was not substantively unreasonable and not an abuse of discretion.

As to Taylor's second argument, we generally review de novo the legality of a sentence imposed pursuant to revocation of a supervised release term. United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007). Because Taylor raises this argument for the first time on appeal, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

Under 18 U.S.C. § 3583(e), a district court may:

(3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . or

(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

4

18 U.S.C. § 3583(e)(3)–(4).  Section 3583(h) explicitly allows a district court to impose a term of imprisonment to be followed by a term of supervised release as punishment for violation of a prior term of supervised release.  See id. § 3583(h).  "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  Id.  Home detention can be imposed as a condition of supervised release, id. § 3563(b)(19), as long as the combined term of incarceration and home detention does not exceed the maximum term of incarceration allowed, see, e.g., United States v. Ferguson, 369 F.3d 847, 852 (5th Cir. 2004) (finding district court "erred by imposing a term of incarceration as well as a term of home detention that combine to exceed the maximum statutory term of incarceration").

Taylor was convicted under 21 U.S.C. § 841(b)(1)(A), which is classified as a Class A felony by 18 U.S.C. § 3559(a)(1).  Section 3583(e)(3) authorizes a court to sentence a defendant convicted of a Class A felony whose supervised release is revoked to up to five years of imprisonment.  18 U.S.C. § 3583(e)(3).  Here, after two revocations Taylor was sentenced to 11 and then 30 months of imprisonment for a total of 41 months.  After his second revocation, the district court also sentenced him to an additional 19 months of supervised release.  The sum of 41

months of imprisonment and 19 months of supervised release is 60 months and thus permissible under his 5 year (60 month) limit imposed by § 3583(e)(3). This 60-month total also complies with the terms of § 3583(h).

Taylor argues that the district court's decision to order home detention during the first six months of his supervised release results in a total term of 66 months because home detention is the functional equivalent to imprisonment. This argument is without merit as it requires double-counting these six months as both imprisonment and supervised release.

Because Taylor has not shown that his revocation sentence exceeded the statutory maximum, he is not entitled to a reversal based on his second argument.

**AFFIRMED.**