[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15296
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00369-WCO-CCH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENARD JAMIL SHEALEY,
a.k.a. Demetrius Renard Lee,
a.k.a. Darrick Mitchell,
a.k.a. J. T. Cason,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 17, 2014)

Before JORDAN, FAY, and KRAVITCH, Circuit Judges.

PER CURIAM:

Renard Jamil Shealey appeals his 12-month sentence following revocation of his supervised release.  We affirm.

## I. BACKGROUND

When he was between the ages of 17 and 25, Shealey was convicted of theft by receiving stolen property, fleeing and eluding, interfering with government property, reckless driving, obstruction, cocaine and marijuana possession, giving false information to a law enforcement officer, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm while committing a felony, and criminal property damage.  In 2008, when he was 26, Shealey pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district judge sentenced Shealey to 65 months of imprisonment, to be followed by 3 years of supervised release.  Shealey's supervised-release conditions prohibited him from (1) committing another federal, state, or local crime; and (2) using or possessing controlled substances, except as prescribed by a physician.  The conditions of supervision also required Shealey to: (1) submit monthly written reports to his probation officer ("PO"); (2) work regularly at a lawful occupation unless excused by his PO; (3) notify his PO within 72 hours of any change in residence; and (4) submit to periodic drug tests as directed by his PO.  Following his incarceration, Shealey began his period of supervision on June 1, 2013.

2

On October 1, 2013, Shealey's PO petitioned to revoke his supervised release. During his revocation hearing, Shealey admitted he had violated the conditions of his release by submitting a late monthly report, using marijuana, failing to report for drug tests, and moving without prior permission from his PO. Shealey also admitted he had been unemployed for some time, although he had found a job approximately two weeks before his arrest in the instant proceeding. In addition, the parties stipulated Shealey had driven a car without a valid license.

Shealey's counsel explained that he never had received treatment for his marijuana addiction, partly because of an improper state detainer for a case that ultimately had been dismissed. Counsel also noted Shealey's current employer would allow him to return to work, if he were released. He asked the judge to impose six months in a halfway house with drug treatment and testing.

The government asked for a 12-month prison sentence. The government stated that two of Shealey's prior probationary sentences—one of which was for a drug offense, and another of which was for aggravated assault—had been revoked. Another prior conviction involved a car chase of up to 100 miles per hour. The government asserted Shealey's PO had "bent over backwards" to try to work with Shealey, but his history indicated he was "unwilling to be supervised." ROA at 164-65.

3

Shealey responded that drug treatment in a halfway house would address all of the government's concerns. He argued there were substantial differences between his prior convictions, which occurred when he was a teenager and in his early twenties, and his current conduct, which did not involve dealing drugs or possessing guns.

The district judge sentenced Shealey to 12 months of imprisonment, to be followed by 24 months of supervised release. The judge explained:

> [W]e have . . . operating without a driver's license, failure to submit monthly report[s] as directed, failure to report lawful occupation, some of these, you know, borderline things, but failure to . . . notify the probation officer of any change in residence, . . . failure to refrain from unlawful use of controlled substance[s], and failure to report for drug testing, some of these are more administrative violations, but some are not. But overall they are consistent with his past conduct, that is[,] he can't obey the law and he has no respect for the law. Probation is the law he has to deal with.

ROA at 168. Shealey objected to the sentence as "unreasonable under the circumstances of this case." ROA at 170.

On appeal, Shealey argues his sentence is procedurally unreasonable. He contends the district judge erred in relying exclusively on an improper factor, the need to promote respect for the law.

## II. DISCUSSION

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *See United States v. Sweeting*, 437 F.3d 1105, 1106-07

4

(11th Cir. 2006).  Arguments not raised in the district court, however, are reviewed on appeal only for plain error.  *See United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010).  Establishing plain error requires showing (1) an error (2) that was plain, (3) affected one's substantial rights, and (4) seriously affected the fairness of the judicial proceedings.  *Id.*  An error is plain if it is obvious and clear under current law.  *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006).

Upon determining a defendant violated a condition of supervised release, the district judge may revoke the term of supervision and impose a term of imprisonment after considering: (1) the applicable Guidelines range; (2) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the need for the sentence imposed to afford adequate deterrence, protect the public, and effectively provide the defendant with needed training, medical care, or other correctional treatment; (4) the applicable Sentencing Commission policy statements; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution.  *See* 18 U.S.C. §§ 3553(a), 3583(e); *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (per curiam).  A district judge, however, must revoke a defendant's term of supervision and impose a prison term if the defendant possesses a controlled substance or refuses to comply with drug testing imposed as a condition of supervised release.

18 U.S.C. § 3583(g)(1), (3); *United States v. Brown*, 224 F.3d 1237, 1241-42 (11th Cir. 2000), *abrogated on other grounds by Tapia v. United States*, 131 S. Ct. 2382, 2389 (2011).  The subsection governing mandatory release revocation, § 3583(g), neither instructs the judge to consider, nor prohibits the judge from considering, any of the factors listed in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3583(g); *Brown*, 224 F.3d at 1242.  A district judge need not state specifically he is compelled to revoke supervised release under § 3583(g) if the conditions implicating the provision are present.  *See Brown*, 224 F.3d at 1242.

The district judge did not err, plainly or otherwise, when he considered Shealey's lack of respect for the law in imposing sentence.  Because Shealey possessed a controlled substance and failed to comply with drug testing imposed as a condition of his supervision, the judge was required to revoke his supervised release and impose a prison term under § 3583(g).  *See* 18 U.S.C. § 3583(g)(1), (3); *Brown*, 224 F.3d at 1241-42.  Unlike subsection (e) of § 3583, subsection (g) does not require consideration of any specific § 3553(a) factors; nor does § 3583(g) limit the factors a judge may consider in imposing a release-revocation sentence. *See* 18 U.S.C. § 3583(e), (g); *Brown*, 224 F.3d at 1242.  The district judge committed no error when he considered Shealey's lack of respect for the law.

Nor did the judge focus exclusively on this factor to the detriment of other considerations.  *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006)

6

(holding that a sentence of five hours of imprisonment was unreasonable when the district judge focused "single-mindedly" on the goal of restitution to the detriment of all other sentencing factors).  The judge explicitly discussed Shealey's criminal history and the circumstances of his instant violations, and the record contains no indication the judge did not also consider the parties' arguments.  Accordingly, we affirm Shealey's sentence.

     **AFFIRMED.**