[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12923
Non-Argument Calendar
_____

D.C. Docket No. 1:02-cr-00412-TWT-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER STAFFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 3, 2015)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Christopher Stafford violated the conditions of his supervised release and

was sentenced to 24 months of imprisonment, a ten-month upward variance from

the top end of his guideline range of 8 to 14 months.  He appeals the sentence arguing that it is greater than necessary to meet the goals of sentencing, was motivated by retribution, and failed to account for other mitigating factors.  After careful review of the record and consideration of the parties' briefs, we affirm.

## I.

Stafford began serving a three-year term of supervised release in April 2013, following a 151-month prison term for bank robbery.  Among other conditions of his supervised release, Stafford was required to "not illegally possess a controlled substance" and to "participate in the drug/alcohol treatment program as directed by the United Station Probation Officer."  He subsequently violated the conditions of his supervised release at least four different times, each for failing to comply with drug testing and treatment conditions.

Stafford tested positive for cocaine in July, in August, and in September 2013.  After the first violation, the district court agreed that Stafford should receive a reprimand, drug treatment, and testing.  After the second, the court restricted Stafford's travel privileges and ordered enhanced drug treatment and continued testing.  After the third, the court ordered Stafford to spend ninety days in a half-way house, which he did successfully.

In late April 2014, Stafford committed his fourth violation, which gave rise to the revocation proceedings at issue.  The petition for revocation filed by

2

Stafford's probation officer alleged that Stafford admitted to using cocaine, missed drug-treatment sessions, missed drug tests, and refused to report to the probation office unless he was arrested. The court issued an arrest warrant and later held a revocation hearing.

At Stafford's revocation hearing, his attorney admitted, with some qualifications about the details of each violation, that Stafford had violated the conditions of his supervised release in the ways specified by the probation officer. The probation officer testified that Stafford had failed to regularly attend drug-treatment sessions in March and April 2014, missed several drug tests throughout April 2014, and admitted that he was using cocaine. According to the probation officer, Stafford stated that "he is done with drug tests, he is done with probation and he's done with the treatment and that he is just not going to come in," and that he would turn himself in once the probation officer had obtained a warrant for his arrest.

After hearing argument from the parties, the district court found that Stafford had violated the conditions of his supervised release, which Stafford does not contest on appeal. According to the court's calculations, to which neither party objected, the statutory maximum was 24 months of imprisonment, and the guideline range was 8 to 14 months. The government, noting that revocation was

3

mandatory under 18 U.S.C. § 3583(g), requested a twelve-month sentence followed by no supervised release.

Stafford, in turn, requested that the court sentence him to time served and then reinstate him to a term of supervised release.  He argued that his problems with cocaine stemmed from long-term depression, for which he had not been medicated since his release from prison, and he highlighted his good work history since his release from prison.  Stafford also pointed out that he was in a committed relationship, and he asked for a shorter sentence so that he could spend time with his seriously ill father.

The district court observed that supervised release is an important part of sentencing for two reasons: (1) it gives the defendant an opportunity to show that he is rehabilitated and ready to rejoin society; and (2) it gives the court the opportunity to impose additional punishment if the defendant goes back to committing criminal activity or fails to adhere to the conditions of his supervised release.  According to the court, Stafford had "totally failed" in these respects since his release by "repeatedly engag[ing] in additional criminal conduct" and "simply refus[ing] to abide by the conditions of supervised release."  There was no point in imposing more supervised release, the court found, because "[Stafford] has refused to report.  He has refused to take drug tests. He has just said, 'Well, just arrest me.'"  Stating that the only way to keep Stafford from using cocaine was "simply

4

to lock him up," the court sentenced Stafford to 24 months of imprisonment with no supervised release to follow. Stafford now appeals.

## II.

We review the sentence imposed upon revocation of supervised release for reasonableness, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion," *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation marks omitted). *See United States v. Brown*, 224 F.3d 1237, 1239 (11th Cir. 2000) ("We review a district court's decision to exceed the sentencing range in Chapter 7 of the Sentencing Guidelines for abuse of discretion."), *abrogated in part on other grounds as recognized in United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014). We review *de novo* the legal question of whether the district court considered an impermissible factor in sentencing a defendant. *Velasquez Velasquez*, 524 F.3d at 1252.

## III.

On appeal, Stafford argues that his 24-month sentence is excessive because it is greater than necessary to meet the goals of deterrence, protecting the public, and providing him with effective treatment. Because he did not violate his probation by committing new criminal offenses, but rather by failing drug tests, the goals of deterrence and protecting the public, he contends, should be outweighed

5

by the goal of rehabilitation, which is not achieved through incarceration. The court's sentence was motivated by retribution, he contends, which is not an appropriate consideration for sentencing upon revocation of supervised release.

In general, upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a prison term under 18 U.S.C. § 3583(e). In doing so, the court must first consider "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," which include the nature and circumstances of the crime with the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the applicable guideline range and any pertinent policy statements issued by the Sentencing Commission; and the need to avoid unwarranted sentence disparities. Absent from this list is the goal of retribution—the need for the sentence imposed to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *Vandergrift*, 754 F.3d at 1308; *see Tapia v. United States*, ___ U.S. ___, 131 S. Ct. 2382, 2387 (2011) (describing the purposes of sentencing).

By contrast, revocation of supervised release and imposition of a prison term are mandatory if, among other things, the defendant refuses to comply with drug

testing in violation of the conditions of his supervised release or, as part of drug testing, tests positive for illegal controlled substances more than three times in a year. 18 U.S.C. § 3583(g)(3), (4); *Brown*, 224 F.3d 1241-42. Unlike § 3853(e), which governs permissive revocation, the subsection governing mandatory revocation does not require the judge to consider any of the § 3553(a) factors. *See* 18 U.S.C. § 3583(g); *Brown*, 224 F.3d at 1242. The only explicit limitation on sentencing imposed by § 3583(g) is that the term of imprisonment must not exceed the maximum term of imprisonment authorized under § 3583(e)(3), which in this case is two years. *See* 18 U.S.C. § 3583(e)(3), (g). A district court need not specifically state that it is compelled to revoke supervised release under § 3583(g) if the conditions implicating the provision are present. *See Brown*, 224 F.3d at 1242.

In reviewing the reasonableness of a sentence outside the guideline range, we consider the degree of variance and the extent of the deviation from the Guidelines. *United States v. Irey,* 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*). The justification given should be sufficiently compelling to support the degree of variance. *Id.* Generally, the district court must consider the applicable § 3553(a) factors in imposing sentence, but the court has the discretion to determine the weight given to any particular § 3553(a) factor and does not need to

discuss each factor.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

Although the district court did not expressly revoke Stafford's probation under § 3583(g), the probation officer's testimony about Stafford's failed drug tests and refusal to comply with further drug testing indicates that revocation was mandatory under the circumstances.  *See* 18 U.S.C. § 3583(g)(3), (4); *Brown*, 224 F.3d at 1242.  The court, therefore, was not statutorily required to consider the § 3553(a) factors in sentencing Stafford.  *Brown*, 224 F.3d at 1241.  And the court's sentence was within the maximum allowable term of imprisonment.  *See* 18 U.S.C. § 3583(g).

In any case, Stafford has not demonstrated that the district court considered an improper factor or that his 24-month sentence is substantively unreasonable in light of the relevant § 3553(a) factors.  Stafford's ten-month upward variance from the top end of the guideline range was supported, most notably, by the history and characteristics of the defendant and the need for the sentence imposed to afford adequate deterrence.  Stafford admitted that he violated the terms of his supervised release for the fourth time when he used cocaine, missed drug-treatment sessions, missed drug tests, and refused to report to the probation office unless he was arrested.  Based on these facts, which Stafford does not contest, the district court concluded that Stafford had "simply refused to abide by the conditions of

8

supervised release."    Furthermore, the district court heard and considered Stafford's arguments in mitigation, including his depression, drug use, family circumstances, and work history, but nonetheless concluded that a 24-month sentence was reasonable under the circumstances.    Based on our review of the record, we cannot say that the "district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."    *Irey*, 612 F.3d at 1190 (quotation marks omitted).

Stafford asserts that the district court impermissibly considered the goal of retribution in imposing sentence, but he cites no evidence in support of that position aside from relying on the length of the sentence itself, which he asserts was unduly harsh.[1]    We decline to ascribe a purportedly impermissible motivation to the district court in the absence of other support from the record, and, for the reasons explained above, we find that Stafford has not shown that the sentence was substantively unreasonable.

In short, the district court did not abuse its discretion in sentencing Stafford to 24 months of imprisonment upon revocation of his supervised release.

**AFFIRMED.**

---

[1]    Furthermore, *Vandergrift* notes that neither this Court nor the Supreme Court has addressed "whether it is error to consider a factor listed in § 3553(a)(2)(A) [concerning the goal of retribution] when imposing a sentence after revoking supervised release."    *Vandergrift*, 754 F.3d at 1308.

9