[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13805
Non-Argument Calendar
_____

D.C. Docket No. 2:05-cr-00004-JES-DNF-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FEDENCIO J. ARELLANO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 2, 2015)

Before TJOFLAT, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Fedencio Arellano appeals his sentences, a 14-month sentence, run

consecutively to a state sentence, and an 18-month sentence, run concurrently to

the state sentence, for violations contained in two petitions to revoke his supervised release, 18 U.S.C. § 3583.  On appeal, Arellano argues that his sentences are substantively unreasonable because the district court did not make an individualized assessment of the 18 U.S.C. § 3553(a) factors and considered the impermissible factors of his past drug use, convictions, and arrest while on bond.

We review the sentence imposed upon revocation of supervised release for reasonableness, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion," *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotations omitted).

A district court must revoke a defendant's term of supervision and impose a prison term if the defendant violated his conditions of supervised release by possessing a controlled substance.  *See* 18 U.S.C. § 3583(g)(1); *United States v. Brown*, 224 F.3d 1237, 1241-42 (11th Cir. 2000) *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. __, __, 131 S.Ct. 2382, 2389, 180 L.Ed.2d 357 (2011), *as recognized in United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014).  Unlike § 3583(e), which governs permissive release revocation, the subsection governing mandatory revocation, § 3583(g), does not require the court to consider any of the 18 U.S.C. § 3553(a) factors.  *See* 18 U.S.C. § 3583(e), (g); *Brown*, 224 F.3d at 1241.  A district court need not specifically state that it is compelled to revoke supervised release under § 3583(g) if the conditions

2

implicating the provision are present.  *See Brown*, 224 F.3d at 1242 ("Although not mentioned by the district court, Brown's revocation was mandatory because he possessed a controlled substance . . . .").  When a defendant is sentenced under subsection (g), the only limitation is that the term of imprisonment must not exceed the maximum term of imprisonment authorized under § 3583(e)(3).  *See* 18 U.S.C. § 3583(g).

We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotations omitted).  Additionally, although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  Nevertheless, the district court must have made an individualized assessment based on the facts of the case.  *Gall v. United States*, 552 U.S. 38, 50, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Although the district court did not explicitly state that it found revocation mandatory, Arellano's admission that he possessed cocaine implicates § 3583(g).  *See Brown*, 224 F.3d at 1242.  Thus, even though Arellano argues his sentence is substantively unreasonable, the court arguably was not required to even consider

the § 3553(a) factors. *Brown*, 224 F.3d at 1241. In any event, Arellano has not demonstrated that his sentences, each within the guideline range, were outside the range of reasonable sentences that the district court could have permissibly considered. *See Irey*, 612 F.3d at 1190. While we do not automatically presume Arellano's within range sentences to be reasonable, we ordinarily expect such a result. *See Hunt*, 526 F.3d at 746. If the district court gave more weight to Arellano's undisputed history of drug use and continued criminal violations than to any other factor, it was not an abuse of discretion because the sentences do not fall outside the range of reasonable sentences dictated by the facts. *Irey*, 612 F.3d at 1190.

Moreover, Arellano's drug use, past convictions, and arrest while on bond were relevant to his history and characteristics. 18 U.S.C. § 3553(a)(1). Thus, he does not prevail on his argument that these matters were impermissible considerations. Moreover, the district court explicitly considered the guideline ranges for the two petitions to revoke his supervised release, whether to run the two federal sentences concurrently or consecutively to Arellano's state sentence, and Arellano's conduct while out on bond, all of which show that the record belies Arellano's contention that the court failed to make an individualized assessment. Accordingly, we affirm Arellano's sentences as substantively reasonable.

**AFFIRMED.**

4