[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14881
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-14014-JEM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REX PALMER ALEXANDER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 23, 2018)

Before JULIE CARNES, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Rex Palmer Alexander appeals the sentence a district court imposed when he violated the conditions of his supervised release. After careful review, we affirm.

Alexander completed a term of incarceration on drug-related charges and began a six year term of supervised release. One condition of Alexander's release, based on his history of drug addiction, was that he undergo drug screening. In the months that followed, Alexander continued to display signs of substance abuse; in response, the district court modified the conditions of his release three times, adding conditions that Alexander participate in a cognitive behavioral therapy program (which he completed) and a residential drug treatment program.

Alexander's difficulties persisted, and the probation office petitioned the district court for revocation of his supervised release. The probation office alleged that Alexander had tested positive for methamphetamine ten times between April and June 2017 and had failed to participate in the residential drug treatment program (Alexander had left treatment after a few days). At initial proceedings before a magistrate judge, Alexander requested that he be placed in a faith-based residential drug treatment program rather than detained in a carceral environment. He acknowledged, however, that the treatment program was operated by unlicensed drug counselors. The magistrate judge denied the request, and the district court affirmed.

2

The district court thereafter conducted an evidentiary hearing at which Alexander admitted to the violations. After adjudicating him in violation of the terms of his supervised release, the district court calculated an advisory guidelines range of 12 to 18 months' imprisonment. Alexander agreed with the calculation but asserted several factors in mitigation of the sentence he faced. He argued that he had gone without any violation of supervised release for more than 18 months before testing positive for methamphetamine. He acknowledged that he had a drug addiction program and that he needed treatment. He said his relapse was precipitated by stress associated with the death of his father and the impending arrival of his first child. He explained that he left the residential drug treatment program because people in the program were actively using drugs and offering drugs to him.

The district court imposed a sentence of 12 months' imprisonment. The district court explained that Alexander's multiple positive drug tests were troubling and opined that Alexander "[didn't] do supervised release very well." Doc. 300 at 5.[1] Given "the statements [sic] of all the parties"—including Alexander's, in which he expressed remorse for his drug use and resolve to end it—and "the information contained in the violation report," which detailed Alexander's multiple

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

positive drug tests, the court "determined that a sentence within the guideline range [was] appropriate." *Id.* at 9-10.

On appeal, Alexander challenges the substantive reasonableness of this sentence. We review the reasonableness of a sentence, including one imposed upon the revocation of supervised release, for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Although a district court imposing a sentence for violating terms of supervised release generally must consider the factors delineated in 18 U.S.C. § 3553(a),[2] this Court has held that where revocation of supervised release is mandatory, the district court is not required to consider the § 3553(a) factors in imposing a sentence. *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319 (2011).

Revocation of supervised release was mandatory in Alexander's case because he violated a condition of his supervised release by "test[ing] positive for illegal controlled substances more than 3 times over the course of 1 year." 18 U.S.C. § 3583(g)(4). Thus, the district court was not required to consider the § 3553(a) factors. *Brown*, 224 F.3d at 1241. The district court was, however,

---

[2] These include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with needed educational or vocational training; and the kinds of sentences available and established sentencing ranges. *See* 18 U.S.C. § 3553(a)(1)-(4).

4

required to "consider whether the availability of appropriate substance abuse treatment programs, or [Alexander's] current or past participation in such programs, warrant[ed] an exception" to the mandatory revocation rule. 18 U.S.C. § 3583(d). Considering the record as a whole, it is apparent that the district court complied with this requirement. The district court repeatedly modified the terms of Alexander's supervised release to address his substance abuse and treatment needs, including by requiring him to complete cognitive behavioral therapy and a residential drug treatment program. These attempts reflect the district court's careful consideration of substance abuse treatment programs and Alexander's past participation in them before imposing a term of incarceration. It is true that the district court denied Alexander's request to be placed in a faith-based residential treatment program. But given Alexander's repeated positive drug tests and acknowledgement that the counselors at his desired treatment center were unlicensed, we can discern no abuse of discretion in the district court's refusal to grant Alexander's request.

Because the district court was not required to consider the § 3553(a) factors and the record makes clear that it considered drug treatment programs as a possible exception to revocation of supervised release, we affirm the 12-month sentence the district court imposed.

**AFFIRMED.**

5