[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12885
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60309-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUDEL JEAN-CHARLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Judel Jean-Charles appeals his 24-month sentence, imposed following the revocation of his supervised release.  Jean-Charles raises two arguments on appeal. He first argues his sentence was procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors, as well as pertinent policy statements in Chapter 7 of the Sentencing Guidelines.  Second, he argues his sentence was substantively unreasonable because it was above the guideline range and was greater than necessary to provide for just punishment.  After review,[1] we affirm.

Reviewing reasonableness is a two-part process which requires us to ensure, first, that the district court did not commit a significant procedural error, and second, that the sentence is substantively reasonable.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).   First, as to the procedural reasonableness of Jean-Charles's sentence, we will conclude a significant procedural error has been made if the district court calculated the guideline range incorrectly, failed to consider the § 3553(a) factors, based the sentence on clearly

---

[1] We ordinarily review the sentence imposed upon revocation of supervised release for reasonableness, applying a deferential abuse-of-discretion standard.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014); *Gall v. United States*, 552 U.S. 38, 51 (2007). However, the government argues here that we should review Jean-Charles's procedural reasonableness claims only for plain error, as he failed to preserve them.  *See Vandergrift*, 754 F.3d at 1307 ("Because [the defendant] did not object to the procedural reasonableness at the time of his sentencing, we review for plain error.").  We need not resolve the parties' dispute regarding the standard of review, as we would affirm the district court's sentencing decision even under the more favorable abuse-of-discretion standard Jean-Charles suggests we should apply.

erroneous facts, neglected to explain the sentence, or treated the Guidelines as mandatory rather than advisory. *Gall*, 552 U.S. at 51.

It is generally true that upon revocation of supervised release, a court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a). 18 U.S.C. §§ 3553(a), 3583(e). Among the factors courts should consider under § 3553(a) is "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). Chapter 7 of the Sentencing Guidelines lays out several such "pertinent policy statement[s]" concerning sentences imposed upon revocation of supervised release. U.S.S.G. § 7B1.1–7B1.5. Among those policy statements is a table with suggested terms of imprisonment based on the seriousness of the supervised-release violation and the defendant's criminal history category. *Id.* § 7B1.4. A district court generally must consider these sentencing ranges, along with the other policy statements in Chapter 7, though it is not bound by them. *See United States v. Hofierka*, 83 F.3d 357, 360–61 (11th Cir. 1996), *modified by*, 92 F.3d 1008 (11th Cir. 1996).

We have held, however, that the district court is not required to consider the § 3553(a) factors when revocation is mandatory under § 3583(g). *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), *abrogated on other grounds by Tapia v. United States*, 564 U.S. 319 (2011). Revocation is mandatory where, as

here, the defendant possessed a firearm in violation of federal law.  18 U.S.C. § 3583(g)(2).  Jean-Charles's argument that the district court procedurally erred in failing to explicitly consider those factors—including any pertinent Chapter 7 policy statements—is therefore without merit.

In any case, the record reveals that the district court did, in fact, consider both the § 3553(a) factors and the Chapter 7 policy statements in imposing Jean-Charles's sentence.  Specifically, the district court stated its sentencing decision was based on "the seriousness of the offense, that is, discharging a firearm in a crowded parking lot at 4:30 in the morning, [and] striking an individual," and further noted the maximum 24-month sentence was necessary to "promote respect for the law, to provide just punishment, and to afford adequate deterrence and to protect the public."  *See* 18 U.S.C. § 3553(a)(2).  As for the Chapter 7 policy statements, the district court noted that Jean-Charles's violations constituted "Grade A" violations under the table in § 7B1.4.  *See* U.S.S.G. § 7B1.4.  Thus, even assuming the district court was required to consider the factors Jean-Charles identifies, it did so.  In sum, we can perceive no procedural error, plain or otherwise, in the district court's sentencing decision.

Having considered procedural reasonableness, we now turn to the substantive reasonableness of Jean-Charles's sentence.  *Irey*, 612 F.3d at 1189.  In that respect, we will reverse only if "left with the definite and firm conviction that

4

the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190. "The fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

The party challenging the sentence bears the burden of proving that it is unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Jean-Charles cannot meet that burden. The district court did not fail to consider any factor due significant weight, give an improper factor significant weight, or improperly rely on any factors, and it sentenced Jean-Charles within the statutory limits after explaining the seriousness of his violations and the need for deterrence, to protect the public, and to promote respect for the law. We must defer to the weight the district court afforded these factors in the absence of "a clear error of judgment," and we find no such error here. *Irey*, 612 F.3d at 1189; *see also United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Accordingly, we affirm Jean-Charles's 24-month sentence as procedurally and substantively reasonable.

**AFFIRMED.**

5