[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13983

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DWIGHT ERICKSON MOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20907-KMW-1

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Dwight Moss appeals his sentence of 18 months' imprisonment (with no further supervised release to follow) imposed upon revocation of his original term of supervised release. He argues that the district court gave improper weight to facts not supported by the record and failed to accord proper weight to the mitigating facts of his case. He also contends that the district court imposed a substantively unreasonable sentence because its upward variance relied on these unsupported facts and did not follow the recommendations of the parties. After review of the record and the parties' briefs, we affirm.

**I**

"We review the substantive reasonableness of a sentence, including a sentence imposed upon revocation of supervised release, under a deferential abuse of discretion standard considering the totality of the circumstances." *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). The party challenging a sentence bears the burden of establishing that it is unreasonable. *See id.* at 1337–38. Under the abuse-of-discretion standard, we will affirm a sentence that falls within the range of reasonable sentences, even if we would have decided that a different sentence was more appropriate. *See United States v. Irey*, 612 F.3d 1160, 1190–91 (11th Cir. 2010) (en banc).

Where a defendant argues that the district court considered an improper factor but did not object on that basis below, we review the issue only for plain error. *See United States v. King*, 57 F.4th 1334, 1340 (11th Cir. 2023). Similarly, if the defendant argues on appeal that the district court made erroneous factual findings but did not object on that basis below, we review for plain error. *See United States v. Waters*, 937 F.3d 1344, 1358 (11th Cir. 2019). Under plain error review, the defendant must show (1) that there was error, (2) that the error was plain, and (3) that the error affected his substantial rights. If the defendant makes this showing we have the discretion to correct the error if it seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (internal quotation marks omitted).

## II

Under 18 U.S.C. § 3583(e), which governs permissive release revocation, a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). To revoke a term of supervised release, the district court must find by a preponderance of the evidence that a defendant has violated a condition of supervised release.

The § 3553(a) factors require the district court to consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the applicable guideline range, and (4) the need to provide the defendant with needed training,

medical care, or correctional treatment. 18 U.S.C. §§ 3553(a)(1), (2)(D), (4) & 3583(e). Additional factors for consideration include (1) pertinent policy statements of the Sentencing Commission, and the need to (2) deter criminal conduct, (3) protect the public from the defendant's future criminal conduct, (4) avoid unwarranted sentencing disparities, and (5) provide restitution to the victims. *See* §§ 3553(a)(2)(B), (C), (5)–(7) & 3583(e). The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach greater weight to a single factor. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

A district court abuses its discretion if it fails to afford consideration to relevant factors, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment. *See Irey*, 612 F.3d at 1189. But "[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). "Instead, [a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (internal quotation marks omitted, alteration in original).

We will reverse only if left with a firm and definite conviction that the district court erred in weighing the § 3553(a) factors and imposed a sentence that lies outside the range of reasonable sentences. *See Irey*, 612 F.3d at 1190. A sentence does not become unreasonable merely because the district court did not accept the

recommendations of the parties. *See United States v. Valnor*, 451 F.3d 744, 745–46, 751-52 (11th Cir. 2006).

Under § 3583(g), which governs mandatory release revocation, the court *must* revoke a defendant's term of supervision and impose a prison term if the defendant violated his conditions of supervised release by refusing to comply with drug testing or by testing positive for controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g)(3)–(4); *United States v. Brown*, 224 F.3d 1237, 1241–42 (11th Cir. 2000), *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319, 332 (2011). Unlike § 3583(e), § 3583(g) does not require the court to consider any of the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3583(e), (g); *Brown*, 224 F.3d at 1241.

In reviewing a sentence outside the advisory guideline range, appellate courts may consider the degree of variance and the extent of the deviation from the Sentencing Guidelines. *See Irey*, 612 F.3d at 1186–87. The justification given by the district court "must be sufficiently compelling to support the degree of variance." *Id*. (quotation marks omitted). A district court is "free to consider any information relevant to [a defendant's] background, character, and conduct in imposing an upward variance." *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (quotation marks omitted). As a general matter, it is sufficient if the district court "set[s] forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for

6                    Opinion of the Court                    23-13983

exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

## III

On this record, we do not discern any reversible error.

Mr. Moss admitted to six violations and some of these violations—unlawfully possessing a controlled substance on multiple occasions and refusing to submit to drug testing on multiple occasions—required revocation of supervised release under § 3583(g)(3)-(4). His advisory guideline range was seven to thirteen months of imprisonment, with a maximum statutory term of five years of imprisonment. *See* D.E. 18 at 5. Mr. Moss sought a sentence at the low end of the advisory guideline range and the government recommended a sentence of thirteen months' imprisonment at the high end. *See id.* at 11-12.

The district court varied upward five months from the advisory guideline range. It took into account the mitigating factors and evidence presented by the defense, such as Mr. Moss' drug addiction, the death of his 14-year old son (due to a gun accident) while Mr. Moss was in prison, and Mr. Moss' family support. *See id.* at 17. But the district court explained that a sentence above the advisory guideline range was warranted because (a) Mr. Moss had number of opportunities to address his addiction but kept testing positive for cocaine; (b) he was arrested on drug charges by local authorities while he was in a residential drug treatment program; (c) he did not show up for his arraignment in that drug case; (d) he did not come in for drug testing, and when he did he tested positive

for cocaine; (e) when he entered a treatment program he was discharged because he brought drugs into the program; and (f) he was never heard of for another two years. *See id.* at 171-18. As the district court put it, "there are only repeated instances of Mr. Moss disregarding the law, disregarding the process, as well as every overture that has been made to help him find his way out of addiction." *Id.* 18.

Mr. Moss contends that the district court improperly placed great weight on facts that are not supported by the record—e.g., the fact that he did not turn himself in for about two years. But Mr. Moss admitted to this conduct during the hearing before the district court. *See id.* at (Mr. Moss' counsel: "Mr. Moss knew he had to turn himself in. And I am not trying to make excuses for Mr. Moss. But . . . he did not flee the country or the state was not on the run—I just wanted to highlight that . . . he was at his mother's house the entire time.").

To the extent that Mr. Moss challenges the district court's reliance on his failure to appear on the state drug charge, we are not persuaded. Mr. Moss did not object below, so our review is for plain error. There is no error that is plain because Mr. Moss' failure to appear was set out in the violation report. *See* Violation Report (filed under seal) at 3.

As to substantive reasonableness, the district court heard argument as to the § 3553(a) factors and discussed those that it considered relevant. It was entitled, in its discretion, to place greater weight on Mr. Moss' record of repeated violations and his two-year

disappearance than to the mitigating evidence and factors. Nor was the district court bound by the parties' sentencing recommendations. *See Valnor*, 451 F.3d at 745–46. The district court's discussion of the § 3553(a) factors was sufficient to support the five-month upward variance, which was well below the five-year statutory maximum sentence that could have been imposed.

## IV

We affirm Mr. Moss' sentence.

**AFFIRMED.**